Donald C. SCHUE and Betty L. Schue, Plaintiffs and Appellants,

v.

Clifton E. JACOBY, Defendant and Respondent.

Civ. No. 8499.

Supreme Court of North Dakota.

Nov. 4, 1968.

Stokes, Vaaler, Gillig, Warcup & Woutat, Grand Forks, for plaintiffs and appellants.

Caldis & Arneson, Grand Forks, for defendant and respondent.

STRUTZ, Judge.

The plaintiffs are the owners of certain real property in the city of Grand Forks, described as Lot 12, Block 7, of the Replatting of Lots 10 and 12, Block 7, Skidmore's Addition to the Original Townsite of Grand Forks. The defendant owns property immediately to the north of the plaintiffs' property, the defendant's real estate being described as Lot 10. A building in which the defendant operates a restaurant is located partly on Lot 10 and partly on

other real estate owned by him, adjacent to Lot 10. The plaintiffs operate a bar in the building which is located entirely upon their property, above described.

The north wall of the plaintiffs' building was of cement-block construction. The defendant, desiring to enlarge his restaurant building, contacted the plaintiffs for permission to build up to the wall of their building, using that wall as a party wall. As a result of negotiations between the parties, they eventually entered into a written party-wall agreement which was in the following words:

### "PARTY WALL AGREEMENT

"THIS AGREEMENT Made this 19 day of April, 1958, by and between CLIFTON E. JACOBY, hereinafter referred to as JACOBY, and DONALD C. SCHUE and BETTY L. SCHUE, husband and wife, hereinafter referred to as SCHUE.

"WHEREAS Schue is the owner in fee simple of a certain parcel of land situated in the County of Grand Forks, State of North Dakota, described as follows, to-wit:

"Lot Twelve (12) of Block Seven (7) of the Replatting of Lots Ten and Twelve (10 & 12), Block Seven (7), SKIDMORE'S ADDITION TO THE ORIGINAL TOWNSITE OF GRAND FORKS.

"WHEREAS Jacoby is the owner in fee simple of a certain parcel of land contiguous to the above-described land owned by Schue, and situated in the County of Grand Forks, State of North Dakota, described as follows:

"Lot Ten (10) of Block Seven (7) of the Replatting of Lots Ten and Twelve (10 & 12) Block Seven (7), SKIDMORE'S ADDITION TO THE ORIGINAL TOWNSITE OF GRAND FORKS.

"WHEREAS a wall has been erected by Schue on the north boundary line on and along part of the common boundaries of said parcels, and said wall is hereby declared a Party Wall.

"NOW, IT IS HEREBY AGREED AS FOLLOWS:

"1. That the wall now standing on the common boundary of the above-described parcels of land, is standing entirely on land owned by Schue, be, and the same is hereby declared to be a PARTY WALL forever for the benefits of the parties hereto.

"2. Each party has and shall have the right to use said wall as a party wall, in the construction, reconstruction and maintenance of any buildings on said parcels of land. If it becomes necessary or desirable to repair or rebuild the whole or any portion of said Party Wall, including the footings and foundations thereof, the expense of such repairing or rebuilding shall be borne equally between the parties, to the extent that they are using said wall. Whenever any of said wall, or footings or foundations thereof or any portion thereof, shall be rebuilt, they shall be erected on the same spot and on the same land and of the same dimensions as to width, depth and height and shall be of the same or similar material and of like quality as the present wall, footings or foundation, as the case may be, unless the parties hereto, or their successors shall agree to the contrary.

"3. Either party may build said wall higher, provided that no addition to the height of said wall shall be made which shall endanger or weaken the structure of the other party and proper support for such wall shall be provided by the one constructing said addition to the height thereof. When a party shall have added to the height of said wall, the other party shall have the right to use it as a party wall.

"4. In the event that the wall now located on said Lot Twelve (12) is not on the property line, and that a portion of said Lot Twelve (12) remains north of said Wall, then and in that event, Schue grants to Jacoby the right to use and occupy and to erect his building upon any portion of said Lot Twelve (12) which is

south of the common boundary and north of the Wall as the same is now located.

"5. Either party may freely go upon the land of the other for the purpose of performing any construction (including excavation and shoring), in connection with the use of said Party Wall or any addition thereto. Any party going upon the land of the other for the purpose of performing any construction in connection with the use of any Party Wall, shall do so with the minimum inconvenience to the other, and shall restore or repair any damage to the property of the other.

"6. Schue also grants to Jacoby an easement for the construction, maintenance and reconstruction of a wall, including footings and foundations therefor in, along and under a one-foot (1') strip of land, in said Lot Twelve (12) being the North one foot (1') of said Lot Twelve (12). Any wall constructed thereon shall, when erected, be and the same is, hereby declared to be a Party Wall forever for the benefit of the parties hereto.

"7. This agreement shall bind and inure to the benefit of the parties hereto, their respective heirs, executors, administrators, successors and assigns and shall be perpetual and at all times construed as a covenant running with the above-described parcels of land; but no part of the fee of the land upon [which] said Party Wall stands, shall pass to or be vested in the other party by virtue of this agreement.

"IN WITNESS WHEREOF, the parties have hereunto set their hands the day and year first above written.

[Signed] "DONALD C. SCHUE
"BETTY L. SCHUE
"CLIFTON E. JACOBY
"HAZEL E. JACOBY"

.   .   .   .   .   .

[Signatures acknowledged.]

After the party-wall agreement had been executed, the defendant constructed an addition to his building, attaching it to the wall of the plaintiffs. A door was cut in the wall, both parties paying an equal share of the cost of this improvement.

The plaintiffs allege in their amended complaint that they were induced by the fraudulent representations on the part of the defendant to the effect that if plaintiffs would permit the defendant to use their wall as a party wall, the defendant would advertise to his patrons the presence of the door between his restaurant and the plaintiffs' place of business, where only beer was sold, and thereby promote the sale of beer. Plaintiffs made an offer of proof to show that defendant had agreed to have his waitresses solicit sale of beer from defendant's customers in defendant's restaurant, and have such waitresses go to plaintiffs' bar to fill such orders. They further assert that, after the party-wall agreement had been executed and the defendant had made use of the plaintiffs' wall as such party wall, the defendant fraudulently failed to keep his agreement and made application for a beer license for his restaurant. Plaintiffs thereupon brought this action to enjoin the defendant from engaging in the sale of beer, or, in the alternative, for an order cancelling the party-wall agreement.

The plaintiffs further contend that the defendant paid nothing for the party-wall agreement, and that therefore there was no consideration to support the same.

At the trial of the action, the trial court refused to permit oral testimony as to the negotiations, promises, or conditions which led up to the execution of the party-wall agreement. After the plaintiffs had rested, the defendant moved to dismiss the plaintiffs' amended complaint, which motion was resisted. The court, however, granted the motion, and further determined that the party-wall agreement was a valid contract, binding upon the parties. From the judgment entered in favor of the defendant and against the plaintiffs, dismissing the plaintiffs' complaint, the plaintiffs have taken this appeal.

■ We first will consider the plaintiffs' contention that the trial court erred in refusing to permit the plaintiffs to introduce evidence to show the oral negotiations between the parties and the many matters which were considered by them which finally resulted in the execution of the party-wall agreement. Section 9–06–07, North Dakota Century Code, provides that an agreement in writing, whether or not required by law to be in writing, supersedes all oral negotiations or stipulations concerning its subject-matter which preceded or accompanied the execution of the instrument. Jensen v. Siegfried, 66 N.D. 222, 263 N.W. 715 (1935). This statute, however, does not preclude proof of the existence of any separate oral stipulations or agreements as to matters on which a written contract is silent. Putnam v. Dickinson, 142 N.W.2d 111 (N.D.1966).

■ There is an exception to the rule that a written contract supersedes all prior or contemporaneous oral promises, agreements, or conditions concerning the subject-matter of the contract, and that is in a case where one of the parties to the agreement is induced by fraud to become a party to the written contract. In such case, parol evidence will be admitted to show such fraud. Dalheimer v. Lucia, 50 N.D. 78, 194 N.W. 925 (1923); Carufel v. Kounts, 60 N.D. 91, 232 N.W. 609 (1930); Larson v. Wood, 75 N.D. 9, 25 N.W.2d 100 (1946).

■ Where fraud is relied upon by a party in bringing an action to modify or set aside an instrument, such fraud must be specifically alleged. Chester v. Einarson, 76 N.D. 205, 34 N.W.2d 418, and 35 N.W.2d 137 (1948); City of Granville v. Kovash, Incorporated, 118 N.W.2d 354 (N.D. 1962), 37 C.J.S. Fraud § 78, p. 370, and § 94, p. 393.

The plaintiffs attempt to bring themselves within this exception by alleging fraud on the part of the defendant in inducing the plaintiffs to enter into the party-wall agreement. They assert that one of the conditions which induced them to execute this agreement was that the defendant orally had agreed to assist the plaintiffs in selling beer. However, we find no merit in this contention at all because such an agreement, if made, would be unlawful. The defendant could not legally sell beer or solicit the sale of beer for the plaintiffs in defendant's restaurant. Section 5–02–15, North Dakota Century Code, makes it unlawful for any person to sell beer in this State without first obtaining a license to do so. Thus the defendant could not legally do what the plaintiffs contend he had agreed to do. Plaintiffs, in their offer of proof, which they made when the trial court refused to allow their witnesses to testify as to this oral agreement, stated that the defendant had agreed to have his waitresses solicit the sale of beer from the defendant's customers in the defendant's restaurant and then go over to the plaintiffs' bar and get the beer for such customers. This clearly would have been a violation of the law as it was in force at the time of the party-wall agreement.

■■ Existing law at the time a contract is entered into, covering the subject-matter of a contract, becomes a part of such contract and must be read into it as if its provisions were set out in full in the instrument itself. Kaisershot v. Gamble-Skogmo, Inc., 96 N.W.2d 666 (N.D.1959). Since the law at the time of the execution of the party-wall agreement made it illegal for the defendant to solicit his restaurant customers for the sale of beer for the plaintiffs, and since defendant had no license to sell beer, the plaintiffs cannot contend that they were induced to enter into the agreement by fraud of the defendant. The alleged fraudulent representations which plaintiffs claim were made by the defendant were to perform illegal acts. Thus the plaintiffs have failed to allege and to offer proof of such fraud as would warrant the court to permit oral testimony to show that they had been induced by fraud to enter into the party-wall agreement.

■ Where a contract has several distinct objectives, of which at least one is lawful and at least one is unlawful, in whole or in part, the contract is void as to the unlawful part and valid as to the lawful objectives. Sec. 9–04–04, N.D.C.C.

■ Thus this agreement must be construed to give effect to the lawful objectives provided for. In this case, the party-wall agreement must be construed as written, and the lawful objectives must be given force and effect.

■ The plaintiffs further contend that the agreement entered into between the parties was both oral and written, and that the trial court erred in refusing to permit the plaintiffs to show what the whole agreement was by sustaining the defendant's objection to the plaintiffs' testimony as to oral considerations and stipulations going into the entire agreement. It is true that a contract may be partly oral and partly written, and that the rule which provides that a written contract supersedes all prior discussions, conversations, and oral negotiations concerning the subject-matter of the contract does not exclude the possibility of a contract's being partly in writing and partly oral. However, where a contract is partly in writing and partly oral, the written portion is no more subject to contradiction by parol than the entire contract would be had the agreement been wholly reduced to writing. Odegaard v. Investors Oil, Inc., 118 N.W.2d 362 (N.D. 1962).

■ The plaintiffs also argue that there was no consideration for the party-wall agreement. We believe this contention to be without merit. Section 9–05–10, North Dakota Century Code, expressly provides that a written instrument is presumptive evidence of a consideration. Thus, where an agreement is reduced to writing, there is statutory presumption that there was consideration for the written instrument. First Nat. Bank of Fargo v. Red River Valley Nat. Bank, 9 N.D. 319, 83 N.W. 221 (1900).

■ The burden of proving a lack of consideration lies with the party who seeks to avoid the instrument. Sec. 9–05–11, N.D.C.C. In this case, we not only have the presumption of consideration, but the instrument itself shows consideration passing from the defendant to the plaintiffs. If the defendant makes use of the party wall, the expense of repairing the party wall must be paid equally by the parties. If the defendant should add to the wall, as he has a right to do under the party-wall agreement, the plaintiffs also are given the right to use such addition as a party wall. The plaintiffs further are given the right to go onto the defendant's premises for the purpose of any construction in connection with the use of the wall. Under the law, any benefit conferred or agreed to be conferred upon the promisor by any other person, to which the promisor is not entitled lawfully, or any prejudice suffered or agreed to be suffered by such person other than such as he, at the time of consent, is lawfully bound to suffer, as an inducement to the promisor, is good consideration. Sec. 9–05–01, N.D.C.C.

Thus we find that the claim of the plaintiffs that there was no consideration for the party-wall agreement is without merit.

■ The plaintiffs next contend that the court erred in finding that the plaintiffs' original complaint did not state a claim against the defendant. After the court had made its finding and ruled that the original complaint did not state a claim against the defendant, the plaintiffs amended their complaint. No argument was made, either in their brief or orally, to sustain the contention that the court erred in requiring them to amend their original complaint. This court has repeatedly held that errors not discussed on appeal, either in the brief or on oral argument, will be deemed waived. Spenningsby v. Peterson, 67 N.W.2d 913 (N.D.1955) ; Tice v. Mandel, 76 N.W.2d 124 (N.D.1956) ; In re Nystuen's Estate, 80 N.W.2d 671 (N.D. 1956).

The plaintiffs merely state the issue and cite no authority and no oral argument to sustain their contention. We deem that this issue was waived by failure to support it either orally or in the brief.

A further issue is raised by the plaintiffs, that the court erred in taxing an expert-witness fee. The amount taxed for such expert witness was fifty dollars, the maximum under Section 28–26–06, North Dakota Century Code. The plaintiffs contend that since the court dismissed their complaint after they had rested and the defendant was not required to put on any witnesses to support his contentions, the witness in question was not qualified as an expert and that the plaintiffs do not know whether such witness was, in fact, an expert. They further contend that the trial court did not determine the amount of such expert-witness fee, and that the statute only makes the sum of fifty dollars a maximum and not the fee to be charged. They therefore contend that its allowance at the maximum was error.

The statement of costs and disbursements and the notice of taxation of costs served in this case were dated March 20, 1968. Such notice and statement were served upon the plaintiffs' attorneys. Such costs thereafter were taxed by the clerk, on March 27. The plaintiffs made no appearance and filed no protest against such taxation of costs. Rule 54(e), North Dakota Rules of Civil Procedure, provides that costs and disbursements may be taxed by the clerk on two days' notice and inserted into judgment. Disbursements shall be set out in detail and verified by affidavit. This was done by the defendant. If the plaintiffs felt that any item of such costs and disbursements was improper, they had the right under the rule to specify in writing the grounds for such objection. Any party aggrieved by the action of the clerk in taxing or in refusing to tax any item of costs and disbursements may file a notice of appeal with the clerk, who shall then certify the matter to the court for determination. Such appeal thereafter will be heard by the court on eight days' notice.

None of these steps were taken by the plaintiffs in this case. They were served with a notice of taxation of costs and disbursements, and such costs and disbursements were set out in detail in the statement served with the notice, which statement was verified. If the plaintiffs had any objection to any item in the statement, they could have objected to the taxation of such item as provided by the above rule. If the plaintiffs should thereafter be aggrieved by the action of the clerk in taxing the same, they had the right to file a notice of appeal from the clerk's action, and the question would have been certified to the court. The plaintiffs having wholly neglected to follow the procedure provided for by the Rules, in failing to object to the taxation of the item for the alleged expert witness, they cannot now raise the issue on appeal in this court.

One or two other specifications of error were urged by the plaintiffs, but these were not discussed or argued, either in the brief or in oral argument. We deem them wholly waived.

For reasons stated in this opinion, the judgment of the district court is affirmed.

TEIGEN, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.