## DAVID B. JOHNSON AND OTHERS v. BYRON W. SAMS AND OTHERS.

206 N. W. 2d 925.

April 20, 1973—No. 43553.

*Harvey E. Skaar,* for appellants.

*Scallen, Farnes, Evidon & Harder* and *Harold E. Farnes,* for respondents.

Heard before Knutson, C. J., and Peterson, Todd, and Mac-Laughlin, JJ.

PER CURIAM.

This is an action to recover on a promissory note. The only issue is whether defendants signed the note as individuals or on behalf of a corporation. The jury found defendants personally liable, and they appeal. We affirm.

In March 1965, plaintiffs had a financial interest in a marble business called "Fabco Sales." With a view to putting the business on its feet, plaintiffs approached defendants who owned a similar company called "Queensmarble." Under the agreement which followed, plaintiffs were to invest $10,000 in a corporation which was to be formed and were to seek additional capital. Defendants were to contribute to the enterprise their interest in a company called "Certified Marble, Inc." In March 1965, plaintiffs did contribute $10,000 to the enterprise and in May warranted title to machinery which they furnished the project. The note which is the subject of this litigation was executed 6 months later in the following manner:

"October 19, 1965

"On demand, Queensmarble, Inc. promises to pay to the order of David B. Johnson, John G. Mutschler, Arthur Bunker and Fred H. Metcalf ten thousand dollars and no cents, payable at

Minneapolis, Minnesota, value received with interest before and after maturity at the rate of 6 1/2% per annum.

QUEENSMARBLE INC.
/s/ Edward J. O'Donnell
/s/ Kent A. Larson
/s/ Byron W. Sams"

At the time the note was signed, defendants refused to execute it under the name of "Queensmarble Co." Because the designation "Queensmarble, Inc." was used, defendants argue that as a matter of law plaintiffs are estopped from denying that it was a corporate and not an individual obligation. However, at the time the note was executed, there was no corporation in existence, and it is undisputed that defendants were then doing business as partners.

The Uniform Commercial Code provision which governs, Minn. St. 336.3—403(2)(b), reads as follows:

"An authorized representative who signs his own name to an instrument

\*    \*    \*    \*    \*

"except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but [does] not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."

While under ordinary circumstances it is arguable from the face of the note that defendants did appear to sign in a representative capacity, that is obviously not the case when all parties knew that the corporation was not in existence at the time the note was signed. Nevertheless, defendants assert that plaintiffs are estopped from denying that the parties intended that liability attach only to the corporation after it was formed, citing Kingsley v. English, 202 Minn. 258, 278 N. W. 154 (1938). In that case, however, the court pointed out that the transactions con-

ducted by the plaintiff were based on an assumption by all of the parties that he was acting on behalf of a corporation. In the case before us, there was no such assumption. The issue litigated was whether the parties intended that the note be executed on behalf of the yet-to-be-formed corporation or on behalf of the individuals who signed it. The jury has resolved that issue in favor of plaintiffs, and we hold that there was sufficient evidence to sustain their findings.

Before plaintiffs' final argument, defendants asked the court to admonish plaintiffs against intimating to the jury fraud on the part of defendants. Although the request was granted, defendants contend portions of the argument violated the court's admonition. We have carefully examined the record and hold that a fair reading of the argument does not permit the inference that fraud was argued.

Defendants raise other issues, among them claims that the court's instructions were inadequate. We have considered these matters and find they do not merit extended discussion.

Affirmed.