**Larry A. RISTVEDT, Plaintiff and Appellee,**

v.

**Galen NETTUM, Defendant and Appellant.**

**Civ. No. 9977.**

Supreme Court of North Dakota.

Oct. 28, 1981.

 

Pancratz, Kruger, Wold, Yuill & Johnson, Fargo, for plaintiff and appellee; argued by William D. Yuill, Fargo.

Overboe & Reiten, West Fargo, for defendant and appellant; submitted on brief by Nolan Holo, West Fargo.

ERICKSTAD, Chief Justice.

This is an appeal from a judgment of the District Court of Cass County involving a contract and promissory note executed by the appellant, Galen Nettum. The issue on appeal is whether or not the district court erred in holding Nettum personally liable on the contract and promissory note. We affirm the trial court's judgment.

This action began in September of 1977, when Larry A. Ristvedt brought an action against Nettum for breach of a purchase contract and default on a promissory note which was consideration for the purchase of Ristvedt's business. Nettum denied individual liability on both the promissory note and the underlying purchase contract because he alleged that he signed as an officer of a corporation known as "Nettum Commodity Trading, Inc." and not individually.

The contract was for the sale of Ristvedt's commodity brokerage firm known as "Ristvedt and O'Shaughnessy Commodities Futures Branch Office." It provided for the sale of Ristvedt's business furniture, furnishings, equipment, accounts receivable, good will, customer accounts, and all other incidences of ownership.

Central to the dispute between Ristvedt and Nettum is the way in which Nettum signed the sales agreement. He signed as follows:

"/s/ *Nettum Commodity Trading Inc.*

Galen Nettum, Purchaser

/s/ *Galen Nettum* ".

Nettum signed the promissory note in the same manner.

The only issue on this appeal is whether or not Nettum's signature imposes personal liability on him. Nettum contends that the trial court erred as a matter of law in concluding he was personally liable on the contract and promissory note.

Ristvedt contends that the trial court did not err. He urges this court to adopt as the threshold question: What were the intentions of the parties at the time the contract and promissory note were executed? He asserts that because the trial court found as a fact that the parties to the contract and promissory note intended Nettum to be personally liable, the proper scope of review by this court is whether or not that finding was "clearly erroneous" as defined by Rule 52(a) of the North Dakota Rules of Civil Procedure. Ristvedt further urges this court to hold that the parol evidence regarding those intentions was properly considered by the trial court.

This case involves two instruments: The sales agreement between Ristvedt and Nettum, and the promissory note which was consideration for that contract. We will discuss each separately because each is governed by different law. Because the promissory note is a negotiable instrument, it is governed by the Uniform Commercial Code. The signature on the sales agreement is not governed by any statute and we therefore must turn to case law.

We first address the contract issue. This court has never before addressed the issue of whether or not a person who signs a contract as Nettum signed in this case, is personally liable. It is helpful, therefore, to review decisions from other jurisdictions which have addressed this issue.

In support of his position on the contract signature, Nettum cites *Viso v. Werner*, 471 Pa. 42, 369 A.2d 1185, 1187 (1977), in which the Pennsylvania Supreme Court stated:

"If the alleged contract is in the name of the agent, but the name of the principal is disclosed, there exists a strong presumption that it is the intention of the contracting parties that the principal and not the agent should be a party to the contract. 2 Williston on Contracts § 281 at 317 (3 Ed. 1959)."

That case involved a proposal for a paving job which formed the basis for an alleged written contract. The proposal was typed on Werner Contracting Company letterhead and was addressed to Potamkin Chevrolet Company, a tenant of the appellee Viso. The proposal was signed "Respectfully submitted, Werner Contracting Co. By: s/Michael N. Werner." The court stated that the burden was on the plaintiff, Viso, to prove by a preponderance of the evidence

the existence of the contract to which the defendant, Werner, was a party.

The Pennsylvania Supreme Court found that the plaintiffs failed to introduce any evidence which would establish that the contract was entered into by Werner individually. The court stated that "the mere signature of the appellant preceded by the word 'by' and following the typed name of the corporation on the corporation's letterhead is not *conclusive* that he was acting in a representative capacity, *if* the alleged contract showed an intent to bind appellant individually." *Id.* at 1188. Therefore, it was necessary for the trial court to inquire into the intentions of the parties.

The facts of the instant case are distinguishable from the facts in *Viso.* The court in *Viso* found the facts as follows:

"The alleged contract was printed on the letterhead of Werner Contracting Co.; it was styled in the first person plural; and it was signed 'Werner Contracting Co. By: s/Michael N. Werner.' Thus, a facial inspection of the contract would indicate that the appellant, Michael N. Werner, was contracting on behalf of the disclosed principal, Werner Contracting Co." [Citations omitted.] 369 A.2d at 1187.

The facts in the instant case are different. The contract here was labeled simply "Agreement". Unlike *Viso* which was styled in the first person plural, the sales agreement in the instant case was written in the first person singular with no reference in the main body of the contract to "Nettum Commodity Trading, Inc.". It can be further distinguished because the signature on the agreement in *Viso* included the word "By" and in the instant case Nettum signed simply:

"*/s/ Nettum Commodity Trading Inc.*
Galen Nettum, Purchaser

/s/ *Galen Nettum* ".

He did not use the word "By".

Additionally, in the instant case, the trial court found that "the corporation was not a party to the contract negotiations." That finding is supported by testimony by Rist-

vedt. He testified that after Nettum signed "Nettum Commodity Trading Inc." that he asked Nettum to sign individually. Nettum then signed simply, "*Galen Nettum* ".

We agree with the *Viso* court that there must be an intent to bind the signing party individually. The facts of the *Viso* case indicate no such intent. The facts of this case, however, do indicate an intent to bind Nettum individually. Because the question of intent is a factual issue, we are governed by the "clearly erroneous" rule of Rule 52(a), N.D.R.Civ.P. That rule states in relevant part:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

Recently, in *Hoge v. Burleigh County Water Management District,* 311 N.W.2d 23 (1981), we discussed the weight given to the trial court's findings as follows:

"The trial court's findings are to be given the same weight as a jury verdict and, in reviewing those findings, the evidence must be viewed in a light most favorable to the findings. On appeal it is not the function of this court to substitute its judgment for that of the trial court. We must give due regard to the opportunity of the trial court to judge the credibility of witnesses, and, unless clearly erroneous, the findings of fact of the trial court, sitting without a jury, are binding upon appeal. Questions of fact decided by the trial court upon conflicting evidence are not subject to reexamination by this court. The mere fact that we might have viewed the facts differently if we had been the initial trier of the case does not entitle us to reverse the lower court." [Citations omitted.] *Hoge v. Burleigh County Water Management District,* 311 N.W.2d 23 (N.D.1981).

Because of the reasons stated, we conclude that the trial court's finding that Ristvedt and Nettum intended Nettum to be person-

ally liable on the sales agreement was not "clearly erroneous". Therefore, we affirm the trial court's judgment as to the contract.

We next discuss whether or not Nettum is personally liable on the promissory note. The signature on the promissory note is governed by the Uniform Commercial Code as the promissory note in this case fulfills the requirements of a negotiable instrument. § 41–03–04, N.D.C.C.

The signature line on the promissory note was signed with a signature identical to that found on the sales agreement. Section 3–403 of the Uniform Commercial Code is found at Section 41–03–40, N.D.C.C., and provides as follows:

"*41–03–40.* (3–403) *Signature by authorized representative.*—1. A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.

"2. An authorized representative who signs his own name to an instrument

a. is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

b. except as otherwise established between the immediate parties, is *personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity,* or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

"3. Except as otherwise established the name of an organization preceded or followed by the *name and office* of an authorized individual is a signature made in a representative capacity." [Emphasis added.]

■ Under subsection 2, a signing representative remains personally obligated unless the instrument names the principal and clearly shows the signature to have been made on behalf of the principal. The unambiguous method of making this representation clear would be to sign as follows:

XYZ Company, By
John Doe, its President.

Conversely, a signature in the following form:

XYZ Company
John Doe

is not sufficient to make the principal liable under Section 41–03–40, N.D.C.C., and the person signing remains personally liable. The result under the Uniform Commercial Code is in keeping with the long-standing and generally accepted rule. This rule is that a representative, who without indicating his representative capacity signs a document for a principal, remains personally liable. *Merchant Fleet Corp. v. Harwood,* 281 U.S. 519, 524, 50 S.Ct. 372, 74 L.Ed.2d 1011 (1930). In keeping with this rule, courts have long held that the signature of a representative without any indication that he was signing in a representative capacity leaves him personally liable. *Seale v. Nichols,* 505 S.W.2d 251 (Tex.1974); *Johnson v. Sams,* 296 Minn. 112, 206 N.W.2d 925 (Minn.1973); *Bell v. Dornan,* 203 Pa.Super. 562, 201 A.2d 324 (1964); *Universal Lightning Rod, Inc. v. Rischall Elec. Co.,* 24 Conn.Sup. 399, 192 A.2d 50 (1963).

■ Although the general rule under Section 3–403(2)(b), U.C.C., is to impose personal liability in a situation such as the instant case where "the instrument names the person represented but does not show that the representative signed in a representative capacity ...", § 41–03–40, N.D.C.C., the introductory language in subsection 2(b), "except as otherwise established between the immediate parties ...", allows parol evidence to prove that the signature was made by the agent in his representative capacity. Official comment, Uniform Commercial Code, 2 Uniform Laws Annon. § 3–403.

■ To escape personal liability, then, the signer has the burden of establishing an agreement, understanding or course of deal-

ing to the contrary. *Rotuba Extruders, Inc. v. Ceppos*, 46 N.Y.2d 223, 413 N.Y.S.2d 141, 385 N.E.2d 1068 (1978). There must be a clear showing of mutuality of intent between the parties as to the signers representative capacity. *Kitchell Corp. v. Hermansen*, 8 Ariz.App. 424, 446 P.2d 934 (1968). The trial court in the instant case, therefore, was correct in admitting evidence concerning the intent of the parties. Again, our review of the trial court's finding concerning the intention of the parties is governed by the "clearly erroneous" rule of Rule 52(a), N.D.R.Civ.P. The trial court found that the corporation was not a party to the agreement, and that Nettum and Ristvedt intended that Nettum be personally liable on the promissory note.

The only testimony to support Nettum's assertion of representative capacity is Nettum's own testimony to the effect that he had authority to act for the corporation and that Ristvedt understood that was to be his capacity. On the other hand, Ristvedt testified that he was not aware of Nettum Commodity Trading, Inc.'s existence until the day of the signing, and that when Nettum signed the corporate name, Ristvedt requested Nettum to sign personally. The document does seem to support the latter scenario.

We conclude that the trial court's finding of fact was not "clearly erroneous" and we therefore affirm.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.