**FARMERS & MERCHANTS NATIONAL BANK OF HATTON, North Dakota, Plaintiff and Appellee,**

v.

**Richard G. LEE, Defendant and Appellant.**

**Civ. No. 10361.**

Supreme Court of North Dakota.

May 12, 1983.

Damon E. Anderson, Grand Forks, for defendant and appellant.

John S. Foster (argued), of Vaaler, Gillig, Warcup, Woutat, Zimney & Foster, Grand Forks, for plaintiff and appellee.

PAULSON, Justice.

This is an appeal by Richard G. Lee from a judgment granting the motion for summary judgment of the Farmers & Merchants National Bank of Hatton, North Dakota [Bank]. We affirm.

In June 1981 Lee executed and delivered a promissory note due November 1, 1981, to the Bank. The note was a consolidation of previous loans made to Village Homes, Inc. which were in default. The note was for the principal amount of $85,000.00 with annual interest at seventeen percent. The note was signed by Lee personally. "Village Homes, Inc." does not appear anywhere on the note.

The Bank began an action to recover the moneys owing on the promissory note after it became due. The trial court granted the Bank's motion for summary judgment in a memorandum opinion and ordered Lee to pay the Bank the principal sum of $85,000.00, accrued interest of $15,360.56, interest from July 12, 1982, at the rate of seventeen percent per annum ($39.59 per day), and costs of $42.75.

■ Summary judgment is a procedural device used for the prompt disposition of a controversy without a trial when Rule 56 of the North Dakota Rules of Civil Procedure is complied with. *See Pioneer Credit Co. v. Medalen,* 326 N.W.2d 717, 718–719 (N.D.1982). We noted in *Titus v. Titus,* 154 N.W.2d 391, 396 (N.D.1967):

"Though the procedure is freely available in all types of litigation, it is obvious that some kinds of cases lend themselves more readily to summary adjudication than do others. It is as much for functional reasons as for historical that statistics show motions for summary judgment granted more frequently in actions on notes and for debts than in other kinds of cases."

Rule 56(c), N.D.R.Civ.P., provides in part that summary judgment

". . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

Section (e) of Rule 56, N.D.R.Civ.P., provides, in pertinent part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

*See Herman v. Magnuson,* 277 N.W.2d 445, 454–455 (N.D.1979). On an appeal from a summary judgment, we view the evidence in the light most favorable to the party against whom the motion was granted.

■ In the instant case, Lee contends that two genuine issues of material fact exist which prohibit the granting of summary judgment. Lee's first contention is that he is not personally liable for the note and that the issue of his liability involves a question of material fact. Because Lee did not specifically deny the authenticity of his signature on the promissory note in the pleadings, his signature is admitted as genuine. *See* § 41–03–37 of the North Dakota Century Code (U.C.C. 3–307); *Wildfang Miller Motors, Inc. v. Rath,* 198 N.W.2d 210, 211 (N.D.1972).

■ Although Lee contends that he is not personally liable on the note because the note is actually an obligation of his corporation, Village Homes, Inc., Lee's signature alone is on the note. Generally, the maker contracts to pay the instrument according to its terms. § 41–03–50(1), N.D.C.C. [U.C.C. 3–413(1)]. Section 41–03–40(2), N.D.C.C. [U.C.C. 3–403(2)] provides, in relevant part, that

"2. An authorized representative who signs his own name to an instrument

"a. is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;"[1]

In *Ristvedt v. Nettum,* 311 N.W.2d 574, 578 (N.D.1981), we stated:

"... courts have long held that the signature of a representative without any indication that he was signing in a representative capacity leaves him personally liable."[2]

*See generally* Annot., 97 A.L.R.3d 798 (1980) [entitled Construction and Application of UCC § 3-403(2) Dealing with Personal Liability of Authorized Representative Who Signs Negotiable Instrument in His Own Name].

There is no indication on the note in issue that Lee signed the note in a representative capacity. Therefore, under North Dakota law Lee is liable for the note. The trial court correctly found that there was no genuine issue of material fact regarding Lee's liability that would preclude summary judgment.

Lee's second contention is that there was not sufficient consideration for the note and that the issue of failure of consideration involves a question of material fact. Section 9–05–10, N.D.C.C., provides that a "written instrument is presumptive evidence of consideration". In *Schue v. Jacoby,* 162 N.W.2d 377, 383 (N.D.1968), this court stated that

"... where an agreement is reduced to writing, there is statutory presumption that there was consideration for the written instrument."

*See First Nat. Bank v. Red River Val. Nat. Bank,* 9 N.D. 319, 83 N.W. 221, 223 (1900). The burden of proving a lack of consideration lies with the party seeking to invalidate the instrument. § 9–05–11, N.D.C.C. Lee did not present the trial court with evidence to rebut the statutory presumption of consideration. In addition, § 41–03–45, N.D.C.C. [U.C.C. 3–408], provides in part that "no consideration is necessary for an instrument ... given in payment of ... an antecedent obligation of any kind", such as the promissory note in the instant case. The trial court correctly determined that the note is presumptive evidence of consideration, if it is even required, and that there is no genuine issue of material fact regarding consideration.

We affirm the judgment of the trial court granting the Bank summary judgment.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ.

1. Section 13–4 of White & Summers, Handbook of the Law under the Uniform Commercial Code at 492–493 (2d ed. 1980), states, in pertinent part, that:

"The Code [U.C.C.] lays down some simple rules for determining when an authorized agent's signature subjects him to personal liability on the instrument. Under 3–403(2) [U.C.C.] the agent's liability turns almost entirely on the written symbols he uses to disclose his agency status. The typical case involves the officer of a small corporation who signs a corporate note. When the corporation becomes insolvent, the holder seeks to recover from the officer individually. Usually the argument revolves around whether the written symbols in the signature sufficiently disclose that the officer was signing as an agent rather than a principal....

.    .    .    .    .

"If, under 3–403(2)(a) [U.C.C.], the agent merely signs his own name, he is personally liable on the instrument, but his principal is not. Even if the person taking the instrument knows that the agent is signing in a representative capacity, the agent cannot introduce parol evidence to show that his signature was made for another."

2. *Ristvedt, supra* 311 N.W.2d 574, is distinguishable from the instant case because the agent signed both his name and the name of the principal, and this court applied the exception in § 41–03–40(2)(b), N.D.C.C. Pursuant to this exception, an agent who signs his name and the company name on a promissory note can escape personal liability on the note by establishing an agreement, understanding, or course of dealing showing a mutuality of intent between the parties regarding the agent's representative capacity. *Id.* at 578–579.