William S. KOVASH, d/b/a Kovash
Plumbing & Heating, Plaintiff
and Appellant,

v.

Dennis J. McCLOSKEY and Lester
Schirado, Defendants and
Appellees.

Civ. No. 11110.

Supreme Court of North Dakota.

April 23, 1986.

Stuart F. Bard, Bismarck, for plaintiff
and appellant.

Lester J. Schirado, Mandan, pro se.

Robert Busch, Bismarck, for defendant
and appellee Dennis J. McCloskey.

LEVINE, Justice.

William Kovash brought an action to col-
lect on a check against Dennis McCloskey,
as drawer of the check, and against Ko-
vash's attorney, Lester Schirado, as an en-
dorser on the check. On September 20,
1985, the district court entered a summary
judgment dismissing the action against de-
fendant Schirado. On October 3, 1985, the
district court entered a Rule 12(b)(5), N.D.

R.Civ.P., order dismissing the action against defendant McCloskey. Kovash appeals from both dismissals. We affirm.

Kovash retained the services of attorney Schirado to collect a debt owed from Wikon, Inc. (Wikon) for plumbing services performed by Kovash for that corporation. Schirado filed an action on Kovash's behalf against Wikon to collect the debt and thereafter a settlement of the claim was negotiated with Wikon's president, Wayne Wikenheiser. Dennis McCloskey, the office manager and corporate secretary for Wikon, issued a check in the amount of $13,469.27 on Wikon's corporate account with the State Bank of Burleigh County payable to the order of "Kovash Plumbing and Lester Schirado." McCloskey signed the check in his own name without indicating his representative capacity on behalf of the corporation.

The check was delivered to Schirado's office whereupon Schirado contacted Kovash to personally come for the check. Upon Kovash's arrival, Schirado endorsed the check and gave it to Kovash who promptly presented it to the State Bank of Burleigh County for payment, whereupon it was dishonored for insufficient funds. Thereafter, Kovash commenced this litigation against Schirado and McCloskey for payment on the check.

Kovash asserts that McCloskey is liable on the check under Section 41–03–40(2)(b), N.D.C.C., because he signed the check without showing his representative capacity on behalf of Wikon. Section 41–03–40(2)(b), N.D.C.C., provides:

"2. An authorized representative who signs his own name to an instrument:

\* \* \* \* \* \*

b. Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."

In *Ristvedt v. Nettum,* 311 N.W.2d 574 (N.D.1981), this Court explained the operation of the foregoing provision:

"Although the general rule under Section 3–403(2)(b), U.C.C., is to impose personal liability in a situation such as the instant case where 'the instrument names the person represented but does not show that the representative signed in a representative capacity ...', § 41–03–40, N.D.C.C., the introductory language in subsection 2(b), 'except as otherwise established between the immediate parties ...', allows parol evidence to prove that the signature was made by the agent in his representative capacity.

"To escape personal liability, then, the signer has the burden of establishing an agreement, understanding or course of dealing to the contrary. There must be a clear showing of mutuality of intent between the parties as to the signers representative capacity." [Citations omitted.] 311 N.W.2d at 578–79.

The check which McCloskey signed had Wikon's corporate name clearly printed on its face. We agree with those authorities which have recognized that a check imprinted with the corporate name constitutes, in itself, substantial indicia that the drawer of the check signed in a representative capacity on behalf of the corporation. *Valley National Bank, Sunnymead v. Cook,* 136 Ariz. 232, 665 P.2d 576 (1983); *Pollin v. Mindy Manufacturing Company,* 211 Pa.Super. 87, 236 A.2d 542 (1967). Consistent with that rationale, we believe the following exhortation by White & Summers, Uniform Commercial Code, Ch. 12, p. 495 (2d ed. 1980), merits consideration by a court when determining whether the person signing a corporate check should be held personally liable on it:

"The payee of a corporate check with the corporate name imprinted on its face probably expects less from the individual drawer than the payee of a corporate note may, where both the corporate name and the maker's name may be either handwritten or typewritten. Fur-

ther, it is common for creditors to demand the individual promise of officers on corporate promissory notes, specially in the case of small corporations. Thus, we think a court should be more reluctant to fine [find] an agent personally liable who has signed a corporate check than in the case of a similar indorsement of a corporate note."

In its consideration of McCloskey's motion to dismiss, the district court had before it Kovash's deposition, in addition to affidavits by Kovash and McCloskey. The district court considered those items relative to McCloskey's Rule 12(b)(5), N.D.R. Civ.P., motion to dismiss for failure to state a claim upon which relief can be granted. Accordingly, pursuant to Rule 12(b), the court's dismissal shall be treated as one granting summary judgment as provided for under Rule 56, N.D.R.Civ.P.

Through his deposition testimony, Kovash conceded that payment on the debt was sought from the corporation and that Kovash did not deal with McCloskey in his individual capacity, nor had anyone, other than the corporation, consented to make payment on the debt. Kovash further conceded that when he accepted the check he understood that McCloskey signed it as an agent of the corporation. Kovash also testified that he never assumed McCloskey would be personally responsible for the debt.

█ We conclude that, as a matter of law, McCloskey has demonstrated that it was "otherwise established between the immediate parties" that McCloskey was signing only in a representative capacity without personal obligation. The check in this case was clearly written on Wikon's corporate account with the designation of the corporation printed on its face. Also, Kovash has conceded that he understood that the debt was owed by the corporation and not McCloskey personally and that McCloskey was signing as an agent on behalf of the corporation. Accordingly, we hold that the district court did not err in dismissing Kovash's claim against McCloskey.

█ Kovash asserts that Schirado is liable on the check as an endorser pursuant to Section 41–03–51, N.D.C.C.:

"41–03–51. (3–414) Contract of endorser—Order of liability.

"1. Unless the endorsement otherwise specifies (as by such words as 'without recourse') every endorser engages that upon dishonor and any necessary notice of dishonor and protest he will pay the instrument according to its tenor at the time of his endorsement to the holder or to any subsequent endorser who takes it up, even though the endorser who takes it up was not obligated to do so.

"2. Unless they otherwise agree endorsers are liable to one another in the order in which they endorse, which is presumed to be the order in which their signatures appear on the instrument."

However, pursuant to Section 41–03–35, N.D.C.C., even a holder in due course only takes an instrument free from defenses of "any party to the instrument with whom the holder *has not dealt*." [Emphasis added.] Consequently, even a holder in due course of a check takes it subject to the personal defenses of any party with whom the party has personally dealt. *See K-Ross Building Supply Center, Inc. v. Winnipesaukee Chalets, Inc.*, 121 N.H. 575, 432 A.2d 8 (1981); *Levering v. Levering*, 271 A.2d 42 (Del.1970); *Brotherton v. McWaters*, 438 P.2d 1 (Okla.1968); *see also* Quinn, Uniform Commercial Code, Law Digest ¶ 3–305[A][5] (1978). Thus, Kovash is subject to the defenses raised by Schirado against liability on the instrument because Kovash personally received the check from Schirado who endorsed and transferred it to him.

Kovash asserts that he is not subject to the defenses raised by Schirado, because he has not dealt with Schirado. In support of this position, Kovash claims that a party has not dealt with another unless he has been involved in the original transaction underlying the issuance of the instrument.

Kovash further asserts that because he was not personally involved in the negotiations resulting in Wikon's issuance of the check, he has not dealt with Schirado and is, therefore, not subject to the defenses raised by Schirado pursuant to Section 41–03–35, N.D.C.C. We disagree with Kovash's contention that he has not dealt with Schirado as that term is contemplated under Section 41–03–35, N.D.C.C. It is undisputed that Kovash and Schirado are joint payees on the check and that Kovash personally accepted transfer of the check from Schirado upon Schirado's endorsement of it. Accordingly, we hold that Kovash has dealt with Schirado and is subject to the defenses raised by Schirado in response to Kovash's claim against him on the check.

■ One of the defenses raised by Schirado in his motion to dismiss Kovash's claim is that Schirado received no consideration from Kovash for his endorsement and transfer of the check to him. We agree. It is undisputed that, as joint payee, Schirado merely endorsed the check and transferred it to Kovash to allow Kovash to present the check for payment. Kovash does not assert that Schirado was indebted to him; nor can he claim that Schirado received any good or valuable consideration from him for his endorsement and transfer of the check.

In response to Schirado's defense of lack of consideration, Kovash asserts that under Section 41–03–45, N.D.C.C., consideration was not necessary because the check was given in payment of an antecedent obligation, more specifically in payment of Wikon's indebtedness to Kovash. That section provides in relevant part:

> "41–03–45. (3–408) Consideration. Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (section 41–03–35), except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind."

We believe that Kovash has misconstrued the foregoing provision. Schirado did not endorse and transfer the check to Kovash for payment of an antecedent obligation. It is undisputed that Schirado had neither an antecedent nor current indebtedness to Kovash at the time he transferred the check. Although the check was issued by Wikon as the result of an antecedent obligation of that corporation to Kovash, that fact does not preclude Schirado from raising the defense of lack of consideration in Kovash's attempt to collect on the instrument against Schirado.

■ Kovash also asserts that Schirado is liable on the check as an authorized representative under Section 41–03–40, N.D.C.C. Kovash asserts that he was Schirado's principal in this case and because Schirado did not disclose his representative capacity in endorsing the check, Schirado is liable to Kovash on it. It is difficult to follow Kovash's rationale in this regard, and we consider the assertion to be entirely without merit. Section 41–03–40, N.D.C.C., deals with the liability of one who signs an instrument on behalf of another, without indicating his representative capacity. When Schirado endorsed the check, he did so in his own capacity, and not on Kovash's behalf or that of anyone else. Accordingly, we conclude that the foregoing statutory provision is inapplicable to Kovash's claim on the check against Schirado.

The district court entered a summary judgment dismissing Kovash's claim against Schirado. Having reviewed the record, we conclude that there is no genuine issue of material fact with regard to Kovash's claim against Schirado and that, as a matter of law, Schirado is not liable to Kovash on the check. Thus, the district court did not err in granting Schirado's request for a summary judgment of dismissal.

Affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.