# Dodson Coal Co., Appellant, v. Delano.

*Principal and agent—Disclosed principal—Statement of claim—
Insufficient statement—Practice, C. P.*

1. In an action against an individual to recover the value of cer-
tain improvements, made by plaintiff, a coal company, under a
lease, which improvements it was alleged defendant had agreed as
an individual to purchase, and had failed to do so, the statement
of claim is insufficient, which avers that the agreement was based
on two letters set forth as exhibits, the first addressed by plaintiff
to defendant, and the second by defendant to plaintiff, where the
first letter shows that it contained nothing to indicate that defend-
ant had in any previous negotiations assumed to act as an indi-
vidual, or in any other than a representative capacity, except what
might be inferred from the use of the words "you" and "your,"
which were not inconsistent with defendant's relations to the prop-

erty as a trustee or as the president of a land company; and the second letter, written in reply to the first, on the letterhead of a land company, and signed by defendant as "President," referred to himself in the first person singular, and first person plural, indiscriminately, without containing any statement to justify the conclusion that defendant throughout the negotiations acted as an individual owner of the property.

2. In such case, as defendant seemed to be acting for a corporation, and as plaintiff specifically referred to the letters as the basis of defendant's personal liability in the matter, the burden was upon it to point to specific provisions indicating defendant's assent to become individually liable, or that he acted without authority of the principal. An averment that defendant incurred personal liability "in entering into the contract" represented by the letters, is insufficient, as the letters indicate that he acted in a representative capacity for a corporation.

3. There is nothing in such a case to bring it within an exception to the general rule that the disclosed principal alone is liable for the acts of his agent within the scope of the latter's authority.

Argued February 16, 1920. Appeal, No. 234, Jan. T., 1920, by plaintiff, from order of C. P. Schuylkill Co., March T., 1919, No. 247, entering judgment for defendant for want of a sufficient statement of claim, in case of Dodson Coal Co. v. Warren Delano. Before Brown, C. J., Moschzisker, Frazer, Walling and Kephart, JJ. Affirmed.

Assumpsit to recover the value of certain improvements to a coal property. Before Bechtel, P. J.

An affidavit of defense in the nature of a demurrer was filed, alleging that the statement of claim was insufficient to sustain the action against defendant individually.

There was nothing in the statement of claim to show what connection the New Boston Land Company had with the property. Other facts appear by the opinion of the Supreme Court.

The court, in an opinion by Bechtel, J., entered judgment for defendant. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*H. S. Drinker, Jr.,* with him *W. K. Woodbury,* for appellant.—The cases in Pennsylvania are uniform in holding that the mere fact that the parties knew that defendant was acting for another is not sufficient to relieve him from liability: Eichbaum v. Irons, 6 W. & S. 67; Brackett v. Van Court, 59 Pa. Superior Ct. 370; Kidney v. Beemer, 27 Pa. Superior Ct. 558; Barclay v. Pursley, 110 Pa. 13.

The statement of claim specifically avers that the contract contained in the letters of April 10th and 12th, was made by Warren Delano in his individual capacity, which necessarily excludes the idea that it was made by him on behalf of the New Boston Land Company or any other principal.

The name of the New Boston Land Company does not occur in the letters nor in the prior negotiations leading up to them as recited in the statement of claim, save only in the address to which Mr. Dodson writes Mr. Delano, and in the letterhead on which Mr. Delano replies.

The mere addition to the name of the agent, of words descriptive of his agency, either in the body of the instrument, or in the signature, or in both, is not sufficient to bind the principal and relieve the agent of the obligation: Candler v. De Give, 133 Ga. 486; Barber v. Mechanic F. Ins. Co., 3 Wend. 94; Moss v. Livingston, 4 N. Y. 208; Simonds v. Heard, 23 Pick. 120; Kean v. Davis, 20 N. J. L. 425; Keeley Brewing Co. v. Neubauer Decorating Co., 194 Ill. 580.

*George M. Roads,* with him *Otto E. Farquhar* and *J. Claude Bedford,* for appellee, cited: Kessler v. Africa, 66 Pa. Superior Ct. 203; Schalcher v. Bergdoll, 41 Pa. Superior Ct. 547; Schlitz Brewing Co. v. Stephens, 66 Pa. Superior Ct. 169.

OPINION BY MR. JUSTICE FRAZER, March 15, 1920:

Plaintiff sued to recover the value of certain improvements on coal property made by it while in possession under lease, which improvements it is alleged defendant agreed to purchase at an appraised valuation at the expiration of the term. The affidavit of defense raised the single question of law whether the statement of claim disclosed a cause of action against defendant in his individual capacity. The court below concluded it did not, entering judgment for defendant, and we have this appeal by plaintiff.

The statement of claim avers that, on March 8, 1888, Warren Delano, father of defendant, and James S. Cox leased to persons named the coal properties in question, which lease, with consent of the lessors, was assigned to plaintiff company; that the lessors subsequently died leaving wills wherein each appointed Warren Delano, Jr., the defendant, and Frederick S. Delano trustees of their entire estates, and that defendant "assumed entire charge and management of said property, and, throughout the negotiations hereafter referred to, has acted as the owner thereof"; that the lease expired at the end of the year 1917 and negotiations were then entered into between plaintiff and defendant with reference to a settlement of their respective rights under its provisions. As a result of these negotiations the parties reached an agreement which is embodied in two letters attached to the statement of claim. Pursuant to petition and rule to show cause why plaintiff should not set out specifically the time it ceased to do business with defendant in a representative capacity and began to deal with him individually, plaintiff filed an amendment to the statement averring defendant made himself personally liable by "entering into the contract with plaintiff as set out in the letters, exhibits E and F, annexed hereto, and in binding himself individually by the terms thereof."

The first of the letters referred to was written by "T. M. Dodson, President" of plaintiff company, addressed

to "Warren Delano, President New Boston Land Company." It refers to details of the proposed adjustment under the terms of the lease and the appraisement made by arbitrators selected by the parties. We find nothing in the letter, however, to indicate that defendant had in the previous negotiations assumed to act as an individual or in any other than a representative capacity, except what may be inferred from the use of the first and second person by the writer, of which the following is an illustration: "As to Schedule A, I understand that your figures are those fixed by the arbitrators, and that these figures are not to be questioned, the only question being your liability to pay for these items; your proposition being that the items are not subject to appraisal. We agree to submit to Messrs. Suender and Lloyd, and, if necessary, to a third arbitrator, to be chosen by them, the question whether under the terms of our lease these items were such as were covered by section 12, and were subject to your election to retain and pay for the same at the appraised value; our position being that they were no different from the other terms of the appraisement and your position being that you may retain them without paying anything for them."

This language, it will be observed, refers to the provisions of the lease and is not inconsistent with the theory, either that defendant was continuing to carry out his duties as trustee under the wills of the former owners, or that he was acting for the New Boston Land Company. The second letter, a reply to the above, is signed by "Warren Delano, Prest.," and written on the letterhead of the New Boston Land Company. This letter begins with a reference to "Schedule A," using the first person singular. In three following paragraphs the plural "we" is used and thereafter both the singular and plural are used alternately. On the face of the correspondence it purports to be that of the presidents of the Dodson Coal Company and the New Boston Land Company acting in their official capacities. The letters

contain no words sufficient to justify the conclusion that defendant, throughout the negotiations, acted as individual owner of the property.

The case of Fehlinger v. Wood, 134 Pa. 517, relied upon by plaintiff to hold defendant personally liable is distinguishable on the ground that the contract in that case was in excess of the powers of defendant as executor and trustee under the will of decedent. Here there is no averment that defendant exceeded his authority or acted in a manner amounting to a fraud on plaintiff's rights nor is there an allegation of other circumstances tending to bring the case within an exception to the general rule that the disclosed principal alone is liable for the acts of his agent within the scope of the latter's authority: Campbell v. Baker, 2 Watts 83; Schalcher v. Bergdoll, 41 Pa. Superior Ct. 547.

It may be conceded the mere designation of defendant as "President" of the land company was not conclusive that he was acting in a representative capacity, if, in fact, that writing showed an intent to bind him individually. No such intent, however, appeared. On the contrary defendant seemed to be acting for a corporation and since plaintiff specifically referred to the writings in question as the basis of defendant's personal liability in the matter, the burden was upon it to point to specific provisions indicating defendant's assent to become individually liable or that he acted without authority of the principal. The averment is merely that defendant incurred personal liability "in entering into the contract" represented by the letters. On their face the letters indicate he acted in a representative capacity for a corporation. In absence of evidence of individual liability further than that contained in the letters referred to, plaintiff has shown no cause of action against defendant.

The judgment is affirmed.