369 A.2d 1185

**Antonio VISO and Potamkin Chevrolet Company, Inc.**

**v.**

**Michael N. WERNER, Ind. and t/a Werner Contracting Company, Appellant,**

**and**

**Werner Contracting Company, Inc.**

Supreme Court of Pennsylvania.

Argued Oct. 13, 1976.

Decided Feb. 28, 1977.

Community Legal Services, Inc., Elliot B. Platt, Philadelphia, for appellant.

Pershing N. Calabro, Philadelphia, for appellee, Antonio Viso.

Stephen T. Shaffer, Philadelphia, for appellee, Potamkin Chevrolet Co.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

This appeal developed out of a complaint in assumpsit filed in the Court of Common Pleas for Philadelphia County by appellee, Antonio Viso, alleging that appellant, Michael N. Werner, individually, and Werner Contracting Co., Inc., were in breach of contract to pave a certain lot in Philadelphia. Appended to the complaint was a copy of a proposal for the paving job, dated October 13, 1958, which formed the basis for the alleged written contract. The proposal was typed on Werner Contracting Co. letterhead and was addressed to appellee, Potamkin Chevrolet Co., a tenant of appellee Viso;[1] it was signed "Respectfully submitted, Werner Contracting Co. By: s/Michael N. Werner." Also appended to the complaint was an invoice addressed to appellee Potamkin, dated November 13, 1958, on which was noted: "Make check payable to Michael N. Werner."

Appellant filed an answer, new matter and counterclaim, both individually and as an authorized officer of the defendant corporation. The answer denied that the

1. Appellee Viso was the owner of the lot on which the disputed paving job was done. Viso and his tenant, appellee Potamkin, had entered into an agreement under which they would share the cost of the paving job. Potamkin was the party with which Werner Contracting Co. had apparently negotiated the contested contract.

Initially, the complaint was brought by Viso alone. A demurrer by the defendant alleging that in fact Viso was not even a party to the alleged contract was met by a motion to join Potamkin as a party plaintiff. This motion was granted and judgment was entered on behalf of appellees Viso and Potamkin, jointly. The propriety of this rather unusual development of events is not now before us.

exhibit to the complaint was a correct copy of the contract; it also denied breach of the contract and that Michael N. Werner, individually, entered into any contract with either plaintiff.

During the pendency of the litigation, appellant's counsel died and appellant was sentenced to the State Correctional Institution at Graterford for an incident wholly unrelated to the instant controversy. The instant case came up for trial on September 13, 1972. Petitioner was unrepresented and, of course, was not present, although letters sent to petitioner at prison notifying him that his case was to be scheduled for trial were made part of the record.[2] The trial was conducted by the judge, sitting without a jury, and consisted primarily of a statement by counsel for appellees, in which he restated the allegations of the complaint. Appellees' counsel presented to the court the deposition of Julius Adler,[3] a paving expert, which was taken on October 28, 1965. In his deposition, Adler testified that he inspected the lot on April 30, 1963, and found holes, cracks and disintegration of the pavement. He also testified that he cut samples of the paving and found their thickness to be less than that specified by the contract. Appellees' counsel also offered into evidence the three samples of the pavement which the expert witness, Adler, obtained from the lot. No witnesses were called.

The court on September 14, 1972, returned a judgment of $6,000 in favor of the appellees and against appellant,

2. Appellant was notified by the attorney for the plaintiff on September 5 and 7, 1972, that the case may be scheduled for trial on September 11, 1972. The trial was actually held on September 13, 1972.

3. At the time of the deposition appellant and the Werner Contracting Co. were represented by counsel, who had the opportunity to cross-examine the expert. Appellees' counsel represented to the court that Adler could not personally appear in order to testify because he was aged and infirm. It was on this basis that the personal appearance of Adler was not required and the deposition admitted. *See* Pennsylvania Rules of Civil Procedure 4020(a)(3)(c).

Michael Werner, individually, and the Werner Contracting Co. The brief adjudication filed by the trial court states that "the work done by [appellant] was defective and faulty and had to be done over again to be corrected and made good." The adjudication of the court further found that "there was no defense" and that appellant "did not appear though properly notified."

Appellant filed timely *pro se* exceptions which were denied on December 31, 1973. Judgment on behalf of appellees was entered on March 15, 1974. Werner Contracting Co. took no appeal. The Superior Court affirmed the judgment against Michael Werner, individually, without opinion. We granted allocatur.

Appellant raises three issues on this appeal: (1) whether appellant contracted on behalf of a disclosed principal and thereby avoided liability; (2) whether appellees adequately proved a contract and breach by appellant; and (3) whether appellant is entitled to a new trial where he was unrepresented and incarcerated at the time of trial, was not notified of the actual trial date, and did not appear at trial.

■■ Our review of the record indicates that the order of the Superior Court affirming the judgment against the appellant, Michael Werner, individually, must be reversed. In an action on a contract the issues are determined by the pleadings and the matters material to the cause of action must be proved. *Franklin Sugar Refining Co. v. Eiseman,* 290 Pa. 486, 139 A. 147 (1927). In the instant case, the pleadings put into issue the individual liability of the appellant on the alleged contract. The burden is on the plaintiff to prove by a preponderance of the evidence the existence of the contract to which the defendant is a party. *See Geyer v. Huntingdon County Agricultural Association,* 362 Pa. 74, 66 A.2d 249 (1949); Lemoyne Sleeper Co. v. Bruce, 54 Pa.D. & C.2d 537, 94 Dauph. 261 (1972); Restatement of Agency, Second, § 320, comment (b).

In *Geyer v. Huntingdon County Agricultural Association*, 362 Pa. 74, 77, 66 A.2d 249, 250 (1949), the Court emphasized that:

"[i]t is inconceivable, therefore, how there can be any recovery on a contract from one who was not a party thereto and who signed it only on behalf of a disclosed principal."

\*    \*    \*    \*    \*    \*    \*    \*

" 'An authorized agent for a disclosed principal, in the absence of circumstances showing that personal responsibility was incurred, is not personally liable to the other contracting party.' "

Here, the plaintiffs failed to introduce any evidence which would tend to establish that the contract was entered into by the appellant individually. The alleged contract was printed on the letterhead of Werner Contracting Co.; it was styled in the first person plural; and it was signed "Werner Contracting Co. By: s/Michael N. Werner." Thus, a facial inspection of the contract would indicate that the appellant, Michael N. Werner, was contracting on behalf of the disclosed principal, Werner Contracting Co. *See, e. g., Dodson Coal Co. v. Delano*, 266 Pa. 560, 565, 109 A. 676 (1920) ; Restatement of Agency, Second § 320.

If the alleged contract is in the name of the agent, but the name of the principal is disclosed, there exists a strong presumption that it is the intention of the contracting parties that the principal and not the agent should be a party to the contract. 2 Williston on Contracts § 281 at 317 (3 Ed. 1959). In *Bucks v. Buckwalter*, 419 Pa. 544, 546, 215 A.2d 625, 627 (1966), the Court recognized the above presumption :

"The Amended Complaint stated that 'the Individual Defendant orally represented to Plaintiff that he was acting on behalf of the Corporate Defendant, and within the scope of his authority.' Since there was no

allegation that this did not represent actual fact, we accept as true Buckwalter's agency to act in behalf of the corporate defendant and it thus follows that Buckwalter could not be held personally responsible for what he performed as an agent: 'No authorities need be cited in support of the familiar rule of law, that where one deals with an agent who acts within the scope of his authority and reveals his principal, the latter ordinarily is alone liable for a breach of the contract.' *Rosenberg v. Clyde & Co.*, 2 Pa.Super.Ct. 572, 575."

*See also Revere Press v. Blumberg*, 431 Pa. 370, 246 A.2d 407 (1968).

Admittedly, the mere signature of the appellant preceded by the word "by" and following the typed name of the corporation on the corporation's letterhead is not *conclusive* that he was acting in a representative capacity, *if* the alleged contract showed an intent to bind appellant individually. However, no such intent appeared either in the written contract, or in the evidence proffered by the appellees at trial.

An analogous situation was presented to the Court in *Dodson Coal Co. v. Delano*, 266 Pa. 560, 565, 109 A. 676, 677 (1920), where the Court recognized:

" . . . defendant seemed to be acting for a corporation and since plaintiff specifically referred to the writings in question as the basis of defendant's personal liability in the matter, the burden was upon it to point to specific provisions indicating defendant's assent to become individually liable or that he acted without authority of the principal. The averment is merely that defendant incurred personal liability 'in entering into the contract' represented by the letters. On their face the letters indicate he acted in a representative capacity for a corporation. In absence of evidence of individual liability further than that con-

tained in the letters referred to, plaintiff has shown no cause of action against defendant."

We perceive no distinction between the circumstances before the Court in *Delano* and those present here. Nor are we persuaded that because the corporation in the instant case was operated by the appellant as sole shareholder, its independent identity should be ignored. "The fact that stock is closely held or even held by one stockholder should not, in itself, after the proposition that the corporation is distinct from its shareholders. *Brown v. Gloeckner*, 383 Pa. 318, 118 A.2d 449 (1955); *Homestead Boro. v. Defense Plant Corp.*, 356 Pa. 500, 52 A.2d 581 (1947)." *McKenna v. Art Pearl Works, Inc.*, 225 Pa.Super.Ct. 362, 366, 310 A.2d 677, 680 (1973). *See* 2 Williston on Contracts § 281, at 309–10 (3 Ed. 1959).

Since the appellees failed to introduce any evidence of special circumstances, such as fraud or illegality, which would warrant ignoring the corporate entity to affix individual liability on the appellant, we are constrained to find that there was absolutely no basis upon which the trial judge could attach individual liability on the contract to the appellant. *Tucker v. Binenstock*, 310 Pa. 254, 165 A. 247 (1933); *McKenna v. Art Pearl Works, Inc., supra.* Due to our holding above we need not consider the remaining issues raised by appellant.[4]

The order of the Superior Court affirming the judgment of the Court of Common Pleas of Philadelphia County is reversed and remanded for proceedings consonant with this opinion.

---

4. Since the corporation did not take an appeal from the judgment of the trial court, the question as to whether the appellees actually proved the terms of the contract and breach is not properly before us. The terms of the contract and the alleged breach have no bearing on our disposition of the instant appeal since we have found that the appellant, Michael N. Werner, was not a party to the disputed contract.