**Rebecca MOSTATAB, D.M.D.,**
**Petitioner**

v.

**STATE BOARD OF DENTISTRY,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 1, 2005.

Decided Aug. 31, 2005.

Rebecca Mostatab, petitioner, pro se.

Cynthia K. Montgomery, Asst. Counsel and Herbert Abramson, Sr. Counsel–In–Charge, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Rebecca Mostatab, D.M.D., (Mostatab) petitions for review from an order of the State Board of Dentistry (Board) which adopted the determination of the hearing examiner imposing a reprimand and fine due to her failure to properly report and complete continuing education courses. We affirm.

On March 20, 2001, Mostatab, a dentist licensed in the Commonwealth, filed with the Board a biennial license renewal. Mostatab checked a box on the form indicating that she had "completed at least 30 credit hours of continuing education programs in acceptable courses. . . ." (R.R. at 7a.) On September 10, 2001, the Board informed Mostatab that she had been selected for a random audit of the continuing education courses she completed between April 1, 1999 and March 31, 2001. The Board requested that Mostatab supply copies of her continuing education credits she received during that time period by October 10, 2001.

Mostatab did not respond to the Board's request. Thereafter, on August 7, 2002, the Board sent Mostatab a final audit notice again requesting copies of her certificates of attendance. The notice further informed Mostatab that failure to comply with the audit request may cause disciplinary action by the Board. Mostatab did not respond to the request.

On April 14, 2003, the Commonwealth filed an order to show cause alleging violations of the Dental Law, Act of May 1, 1933, P.L. 216, No. 76, *as amended,* 63 P.S. §§ 120–130i. The first count alleged that Mostatab was subject to disciplinary action under 63 P.S. § 123.1(a)(6)[1] for violating the Board's regulations relating to reporting continuing education credits at 49 Pa. Code § 33.404. The second count alleged that Mostatab was subject to discipline under 63 P.S. § 123.1(a)(3) in that she made a false or deceptive biennial renewal with the Board.

On April 24, 2003, in response to the order to show cause, Mostatab faxed copies of two continuing education certificates to the Commonwealth, evidencing completion of 34 hours on July 8, 9 and 10, 1999 and January 22, 2000 provided by Millennium Dental Technologies, Inc. (Millennium). After being informed that Millennium was not an approved provider, Mostatab filed an answer to the order to show cause on May 29, 2003 arguing that she should not be penalized for not taking the state sponsored eligible courses.

On June 4, 2003, the matter was delegated to a hearing examiner. A hearing was ultimately conducted on November 24, 2004 at which Lisa Burns, a Board Administrator testified. According to Burns, the continuing education credit hours submitted by Mostatab as required by 49 Pa. Code § 33.404 were not acceptable under 49 Pa.Code § 33.403, because they were not sponsored by an approved provider. Mostatab testified that she was unaware that the courses were not approved and that Millennium was not an approved provider.

The hearing examiner issued her proposed report finding that Mostatab violated both counts of the order to show cause and recommended that Mostatab receive a reprimand and a $1,000.00 civil penalty for the violations. Thereafter, the Board issued its notice of intent to review the proposed adjudication and in-

---

1. 63 P.S. § 123.1(a)(6) is section 4.1 of the Dental Law and was added by the Act of December 20, 1985, P.L. 513, *as amended.*

formed Mostatab that if she wished to submit further argument regarding the proposed sanction, she must do so in a brief on exceptions filed in accordance with the requirements of the General Rules of Administrative Practice and Procedure at 1 Pa.Code §§ 35.11–35.13. Mostatab did not file a brief on exceptions, but rather filed a letter to the appeals committee. (R.R. at 60a.) In the letter, Mostatab objected to the hearing examiner's order stating that she was certain that the course she took through Millennium would be accepted by the Board. Thereafter, the Board on September 14, 2004 issued a final order adopting the hearing examiner's proposed adjudication and order.

■ Mostatab then filed a petition for review with this court maintaining that she successfully completed the required course hours with Millennium and that at the time she took the courses, Millennium was in the process of approval.[2] In her brief to this court, Mostatab raises two issues. First, she claims that there was no violation of 63 P.S. § 123.1(a)(3) because there was no evidence that she made the statement that she fulfilled the continuing education requirement with knowledge of its falsity. Secondly, Mostatab claims that although she may have technically violated 63 P.S. § 123.1(a)(6) in failing to take approved credits, the error was innocent, made in good faith and not done with any intent to deceive and that his court should therefore overturn the reprimand and fine.

■ We observe that the issues contained in Mostatab's brief to this court were not raised in a brief on exceptions to the Board, nor were these issues raised in her petition for review filed with this court. In accordance with 1 Pa.Code § 35.211, a party desiring to appeal a proposed report to the agency, shall file a brief on exceptions to the agency head. Here, although the hearing examiner issued a proposed report, Mostatab did not file a brief on exceptions to the Board. Rather, Mostatab sent a letter to the appeals committee, wherein her only claim was that she thought the courses she took through Millennium would be accepted by the Board. Even accepting her letter to the appeals committee as a brief on exceptions, Mostatab has nonetheless waived the issues she presents in her brief, inasmuch as the issues raised in her brief were not raised in her letter to the appeals committee. In accordance with 1 Pa.Code § 35.213, objections to a proposed report which are not the subject of exceptions may not thereafter be raised and are deemed waived. *Metro Transportation Company v. Pennsylvania Public Utility Commission,* 105 Pa.Cmwlth. 592, 525 A.2d 24 (1987).

We also note that the issues raised in her brief to this court were not contained in her petition for review filed with this court. Pa. R.A.P. 1513 requires that a petition for review contain a general statement of the objections and as this court has previously stated, issues not raised in the petition for review will not be addressed. *Cohen v. State Board of Medicine,* 676 A.2d 1277 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 546 Pa. 657, 684 A.2d 559 (1996).

To properly preserve an issue, a petition for review filed pursuant to Pa. R.A.P. 1513(d), requires a general statement of objections and provides that the statement of objections "will be deemed to include every subsidiary question fairly comprised therein." In her petition for review, Mosta-

---

**2.** Our review is limited to determining whether constitutional rights were violated, whether the decision is in accordance with the law and supported by substantial evidence. *McGrath v. State Board of Dentistry,* 159 Pa. Cmwlth. 159, 632 A.2d 1027 (1993).

tab states that she believed a reprimand was not just because at the time she took the courses, Millennium was in the process of approval. This statement does not fairly comprise the issue raised in her brief of whether she made with falsity and scienter the statement that she had completed her courses and whether the error in reporting her completion was done innocently and in good faith such that a reprimand was not just. *Chene v. Workmen's Compensation Appeal Board (Giant Eagle)*, 159 Pa. Cmwlth.229, 632 A.2d 1058 (1993), *petition for allowance of appeal denied*, 539 Pa. 639, 650 A.2d 53 (1994).

Because Mostatab has failed to preserve the issues raised in her brief to this court, the decision of the Board is affirmed.

### ORDER

Now, August 31, 2005, the order of the State Board of Dentistry, in the above-captioned matter, is affirmed.