

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2007

# Poulos v. Nicolaides

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4093

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Poulos v. Nicolaides" (2007). *2007 Decisions*. Paper 887.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/887

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4093
_____

HARRY J. POULOS,
WILLIAM WHITE a/k/a Wasil Mydlowec,

v.

STRATTON J. NICOLAIDES; ELIZABETH BAXAVANIS;
DOMINION GROUP LTD./GWYNEDD RESOURCES LTD.;
NUMEREX CORPORATION

Harry J. Poulos; William White,
Appellants.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-01634)
District Judge: Honorable Clarence C. Newcomer
_____

Submitted Under Third Circuit LAR 34.1(a)
on May 8, 2007

Before:  RENDELL and JORDAN, <u>Circuit Judges</u>,
and VANASKIE*, <u>District Judge</u>.

(Filed: June 26, 2007)

_____

*  Honorable Thomas I. Vanaskie, Judge of the United States District Court for the
Middle District of Pennsylvania, sitting by designation.

_____

RENDELL, <u>Circuit Judge</u>.

Plaintiffs-Appellants Harry J. Poulos and William White (collectively "Poulos") appeal the order of the District Court dismissing their breach of contract claim for lack of an indispensable party. They claim that the District Court abused its discretion in finding that Dominion Group ("Dominion") is a necessary and indispensable party to the suit pursuant to Rule 19 of the Federal Rules of Civil Procedure, a finding which required that the suit be dismissed. We will affirm the District Court's order.

**DISCUSSION**

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's Rule 19(b) decision that Dominion is indispensable for abuse of discretion. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 403 (3d Cir. 1993). In so doing, we review whether Dominion is "necessary" under Rule 19(a), reviewing findings of fact for clear error, and conclusions of law de novo. *Id.* at 404.

Poulos claims to have entered into an oral agreement with Defendants-Appellees Stratton Nicolaides, Elizabeth Baxavanis, Dominion, and Numerex Corporation, in 1990. Stratton Nicolaides promised–allegedly on behalf of Dominion–that Poulos would receive a percentage of money that Nicolaides or Dominion received from certain transactions

with Versus Technology, Inc. ("VTI") because Poulos introduced VTI and Nicolaides. The introduction led to a mutually beneficial business relationship between VTI and Dominion. Poulos brought a variety of common law claims, including breach of contract, and sought more than $5,000,000 in damages when the money allegedly owed was not paid. In response to Appellees' motion to dismiss for lack of complete diversity, Poulos voluntarily dismissed the non-diverse parties, including Dominion, from the case. Appellees then argued that because Dominion was an indispensable party, the suit had to be dismissed pursuant to Rule 19(b).

The District Court agreed. The District Court first had to determine whether Dominion was a "necessary" party under Rule 19(a).[1] A party cannot be "indispensable" if it is not "necessary." *See Koppers Co. v. Aetna Cas. and Surety Co.*, 158 F.3d 170, 174

---

[1] Rule 19(a) provides:

(a) Persons to Be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Fed. R. Civ. P. 19(a).

3

(3d Cir. 1998). Rule 19(a) states that a party is necessary if (1) the present parties will be denied complete relief in the absence of the party to be joined, or (2) the absent party will suffer some loss or be put at risk of suffering such a loss if not joined. *Id*. at 175. The District Court concluded that the relationship between Poulos, Nicolaides and Dominion is such that (1) the present parties will be denied complete relief in the absence of Dominion, and (2) Dominion would be severely prejudiced if the case proceeded without it; therefore, Dominion was necessary within the meaning of Rule 19(a).

The District Court then proceeded under Rule 19(b) to ask "whether in equity and good conscience the action should proceed among the parties before [the Court], or should be dismissed." Fed. R. Civ. P. 19(b). If the action should not proceed, Dominion would be found to be indispensable. In accordance with the Rule, the District Court considered the following factors:

> "first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

Fed. R. Civ. P. 19(b). The District Court decided that Dominion would be prejudiced if it was not included, and it would be difficult for Poulos to obtain complete relief without Dominion. Furthermore, the District Court noted that Poulos could bring his case in state court. The District Court found, after weighing the 19(b) factors, that Dominion was an indispensable party to the case and equity required dismissal of the case.

4

Poulos contends on appeal that his case should not have been dismissed from federal court because he will be barred by the statute of limitations from bringing suit in state court. He therefore claims that the case should proceed without Dominion because he will not have an adequate state court remedy as required by Rule 19(b).

The District Court did not err when it determined that Dominion is a necessary party to the suit. Agency principles maintain that if an agent enters into a contract on behalf of a disclosed principal, the agent does not become a party to the contract. *Publicker Indus., Inc. v. Roman Ceramics Corp.*, 652 F.2d 340, 343 (3d Cir. 1981); *see generally Viso v. Werner*, 369 A.2d 1185, 1187 (Pa. 1977). Therefore, "[a]n authorized agent for a disclosed principal, in the absence of circumstances showing that personal responsibility was incurred, is not personally liable to the other contracting party." *Viso*, 369 A.2d at 1187. Poulos would not be able to fully recover if Dominion was not a party to the suit because Nicolaides, who made the alleged agreement as an authorized agent for Dominion, cannot be personally liable to Poulos. Dominion, as the principal, obviously has a substantial stake and interest in the claim, and the District Court properly found that Dominion could be severely prejudiced if the case was decided without it. Thus, Dominion is necessary to the case pursuant to Rule 19(a).

The bulk of Poulos's claim rests on the idea that the District Court's determination that Dominion is an indispensable party to the suit was an abuse of discretion and defies equity because upon dismissal from federal court, Poulos no longer has an available remedy in state court. This argument is unpersuasive because, as the District Court noted,

5

Poulos may bring his case in state court to enforce his rights. Although Poulos is concerned that the statute of limitations has expired on his claim, title 42, section 5103(b) of the Pennsylvania Code provides in pertinent part that when a case is dismissed from federal court for lack of jurisdiction, it may be transferred to the appropriate court of the Commonwealth, and the case will be deemed to have been filed in state court when it was first filed in the federal court. *See* § 5103(b); *see also Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1534-35 (3d Cir. 1992). Pursuant to the Pennsylvania Code, Poulos will not be barred by the statute of limitations, and he fails to indicate any other manner in which he would be prejudiced by the dismissal. The District court acted within its discretion when it determined that the factors set forth in Rule 19(b) require dismissal.

**CONCLUSION**

For the reasons described above, we will AFFIRM the District Court's decision that Dominion is an indispensable party to the lawsuit pursuant to Rule 19(b), and the case will be DISMISSED.

_____