Steven B. **GOLDBERG,** **D.M.D., Petitioner**

v.

**BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, STATE BOARD OF DENTISTRY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 7, 2011.

Decided Jan. 27, 2012.

---

Paul W. Minnich, York, for petitioner.

Sabina I. Howell, Harrisburg, for respondent State Board of Dentistry.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge COHN JUBELIRER.[1]

Steven B. Goldberg, D.M.D., petitions for review of an adjudication of the Board of Professional and Occupational Affairs (BPOA), State Board of Dentistry (Board), which ordered him to pay a civil penalty of $1,100 for practicing dentistry under a fictitious name without first registering the fictitious name with the Board. Dr. Goldberg contends that he did not use a fictitious name and that the proper name of his professional corporation is not a fictitious name. We affirm.

On August 8, 2009, the BPOA issued an Order to Show Cause to Dr. Goldberg, charging him with ten counts of practicing dentistry under a fictitious name, that of his professional corporation, American Dental Solutions, P.C.,[2] without registering the corporation's name as a fictitious name with the Board as required by the Board's regulation at 49 Pa.Code § 33.202.[3] Dr. Goldberg answered the Order to Show Cause, and a hearing was scheduled before a hearing examiner. Prior to the hearing, the parties agreed to stipulate the facts of the case (Stipulation) and allow the matter to be decided on briefs, without a hearing. The parties stipulated that: Dr. Goldberg held a license to practice dentistry, (Stipulation ¶¶ 1, 3); Dr. Goldberg was the owner, sole shareholder, and/or clinical director of American Dental Solutions, P.C., (Stipulation ¶ 8); American Dental Solutions, P.C., provided and advertised dental services at 11 different locations in the Commonwealth, (Stipulation ¶ 12); and neither Dr. Goldberg nor American Dental Solutions, P.C. applied for a fictitious name permit with the Board, (Stipulation ¶¶ 14–16).

---

1. This matter was reassigned to the authoring judge on August 25, 2011.

2. Dr. Goldberg incorporated American Dental Services, P.C. in 2002. (Stipulation of the Parties (Stipulation) ¶ 5.) In 2005, the corporation amended its articles of incorporation to change the corporation's name to "American Dental Service, P.C." (Stipulation ¶ 6.) On September 30, 2009, the corporation amended its articles to change its name to "American Dental Solutions, P.C." (Stipulation ¶ 7.) For clarity's sake, we will refer to Dr. Goldberg's professional corporation as American Dental Solutions throughout this opinion.

3. Section 33.202 provides, in relevant part:

(a) Dentists may use a fictitious name that is not false, misleading or deceptive.

(b) Dentists who wish to practice under a fictitious name shall submit to the Board a fictitious name registration and the fee specified in § 33.3 (relating to fees). The dentist who submits the registration shall be associated with the facility and shall assume responsibility for compliance with this section. The owner of the facility, if different from the applicant, shall be identified on the registration.

49 Pa.Code § 33.202(a)-(b).

After reviewing the Stipulation and the parties' briefs, the hearing examiner determined that Dr. Goldberg failed to comply with Section 33.202(b). Because "fictitious name" is not defined in the Dental Law,[4] the hearing examiner turned to the Fictitious Names Act (Act), 54 Pa.C.S. §§ 301–332, for guidance. Section 302 of the Act defines a "fictitious name" to be an "assumed name" of a person, *i.e.*, a name other than the "proper name" of that person. 54 Pa.C.S. § 302. Because American Dental Solutions was not Dr. Goldberg's proper name, the hearing examiner held that it was Dr. Goldberg's fictitious name and, thus, was required to be registered as a fictitious name with the Board.

In support of this rationale, the hearing examiner noted that Section 10(b) of the Dental Law specifies that "[i]t is unlawful for any person to practice dentistry ... under a name other than that on his or her license." 63 P.S. § 129(b). In 1996, the General Assembly added Section 3(g.1)[5] to the Dental Law, authorizing the Board "[t]o receive and record all filings of the names *and fictitious names* of providers of dental services." 63 P.S. § 122(g.1) (emphasis added). The hearing examiner noted that Section 3(g.1) made no mention of a professional corporation name. However, because the Business Corporation Law of 1988 authorizes dentists to form professional corporations, the hearing examiner concluded that dentists must be allowed to use the name of their professional corporation.[6] Reading the Business Corporation Law of 1988 together with the Act and the Dental Law, the hearing examiner con-

cluded that when a dentist sets up a professional corporation to handle the business part of his dental practice, the dentist uses a fictitious name.

Because Dr. Goldberg had not obtained a fictitious name permit for American Dental Solutions, the hearing examiner held that Dr. Goldberg violated Section 3(g.1) of the Dental Law and the regulation at 49 Pa.Code § 33.202(b). The hearing examiner recommended that Dr. Goldberg be ordered to obtain a fictitious name permit and to pay a civil penalty of $100 per location, for a total penalty of $1,100, and also recommended that, should Dr. Goldberg fail to obtain a fictitious name permit within 90 days, his dental license should be suspended.

On March 17, 2010, the Board filed a notice of intent to review the hearing examiner's proposed adjudication and invited the parties to submit exceptions to the hearing examiner's proposed report. Dr. Goldberg did so.

On August 9, 2010, the Board issued a final adjudication, affirming the hearing examiner's findings of fact and conclusions of law. The Board explained that the Act advances sound public policy by ensuring that the identity of dentists who do not practice by their "legal names" can be made known to the Board and to the public. However, the Board modified the hearing examiner's proposed order to omit the requirement that Dr. Goldberg obtain a fictitious name registration permit for American Dental Solutions within 90

---

**4.** Act of May 1, 1933, P.L. 216, *as amended*, 63 P.S. §§ 120–130k.

**5.** Added by Act of July 11, 1996, P.L. 657, No. 113, § 1, effective in 60 days. Section 4 of the Act of July 11, 1996, P.L. 657, No. 113, provides that the subsection (g.1) had a retroactive effective date of January 1, 1990.

**6.** The Business Corporation Law of 1988 is Subpart B of the Associations Code, which is Title 15 of the Pennsylvania Consolidated Statutes. Section 2903(b) of the Business Corporation Law of 1988 allows "licensed persons to render professional services by means of a professional corporation in all cases." 15 Pa.C.S. § 2903(b).

days, but upheld the $1,100 civil penalty. Dr. Goldberg petitioned this Court for review.[7]

Before this Court, Dr. Goldberg argues that, because he was providing dental services under the proper name of his professional corporation, he was not providing dental services under a fictitious name. In addition, Dr. Goldberg argues that because he was operating under the name of his own, properly registered professional corporation, he was not violating the public policy concerns supporting the Board's regulation.

■ Section 33.202(b) [8] provides, in relevant part, that dentists who practice under a fictitious name must register the fictitious name with the Board. Because the term "fictitious name" is not defined by the Board's regulations or the Dental Law, Dr. Goldberg argues, and the Board does not dispute, that it is proper to turn to the definition provided in Section 302 of the Act. Section 302 defines "[f]ictitious name," in relevant part, as "[a]ny assumed or fictitious name, style or designation other than the proper name of the entity using such name." 54 Pa.C.S. § 302. Section 302 also defines an "entity," in relevant part, as "[a]ny individual or any corporation." *Id.* Section 302(1) defines the "[p]roper name" of a corporation as the

name listed on the corporation's articles of incorporation. 54 Pa.C.S. § 302(1). Therefore, Dr. Goldberg argues, because American Dental Solutions is the proper name of his professional corporation, it cannot be a fictitious name. However, as Dr. Goldberg acknowledges, "[b]y its terms, § 33.202(b) applies only to dentists who 'wish to practice under a fictitious name.'" (Dr. Goldberg's Br. at 8 (quoting 49 Pa.Code § 33.202(b)).) Dr. Goldberg, not American Dental Solutions, is the licensed dentist. Dr. Goldberg and American Dental Solutions are separate legal entities, Dr. Goldberg provides services through American Dental Solutions, and it is Dr. Goldberg, not American Dental Solutions, who is engaged in the practice of dentistry. While "American Dental Solutions" is the proper name of Dr. Goldberg's professional corporation, it is not *Dr. Goldberg's* proper name, any more than "Steven B. Goldberg, D.M.D." is American Dental Solutions' proper name. When Dr. Goldberg practices dentistry under the name American Dental Solutions, he is practicing under a fictitious name for purposes of Section 33.202(b). Therefore, per Section 33.202(b), Dr. Goldberg must register this name with the Board, even if it is the proper name of his professional corporation.[9]

---

**7.** In reviewing an order of the Board, we are limited to determining whether the findings are supported by substantial evidence, whether constitutional rights were violated and whether errors of law were committed. *Mostatab, D.M.D. v. State Board of Dentistry*, 881 A.2d 1271, 1273 n. 2 (Pa.Cmwlth.2005).

**8.** Section 33.202 is promulgated pursuant to Section 3(g.1) of the Dental Law, which authorizes the Board "[t]o receive and record all filings of the names *and fictitious names* of providers of dental services." 63 P.S. § 122(g.1) (emphasis added). As a preliminary matter, we note that Dr. Goldberg makes no argument that the requirements of Section 33.202 are beyond the authority granted to

the Board by the Legislature through Section 3(g.1).

**9.** Regarding the public policy underlying the applicability of Section 33.202, Dr. Goldberg argues that the applicability of Section 33.202 to the case at bar is a matter of statutory interpretation and that public policy concerns are not relevant where the language of the regulation is clear. We agree and, because we have held that Section 33.202 requires Dr. Goldberg to register American Dental Solutions as a fictitious name with the Board, we need not address this issue. However, insofar as Dr. Goldberg argues that the registration of fictitious names allowed by the Act obviates

For these reasons, this Court affirms the Order of the Board.

## ORDER

**NOW,** January 27, 2012, the Order of the Bureau of Professional and Occupational Affairs, State Board of Dentistry, in the above-captioned matter is hereby **AFFIRMED.**

## DISSENTING OPINION BY Judge LEAVITT.

Steven B. Goldberg, D.M.D., did not obtain a fictitious name permit for American Dental Solutions, P.C., for a simple reason: "American Dental Solutions" is the proper name, not a fictitious name, of the professional corporation Dr. Goldberg owns. Indeed, by sanctioning Dr. Goldberg for failing to obtain a fictitious name permit for "American Dental Solutions, P.C.," the State Board of Dentistry (Board) has required him to violate the Fictitious Names Act. Respectfully, I must dissent from the majority's decision to affirm the Board.

In holding that Dr. Goldberg needed a fictitious name permit for his professional corporation, the Board relied upon three statutes. They are the Fictitious Names Act, 54 Pa.C.S. §§ 301–332; the Dental Law[1] and the Business Corporation Law of 1988.[2]

The Fictitious Names Act defines a "fictitious name" as something other than a "proper name." It states, in relevant part, as follows:

> **"Fictitious name."** *Any assumed or fictitious name, style or designation other than the proper name of the entity using such* name. The term includes a name assumed by a general partnership, syndicate, joint adventureship or similar combination or group of persons.

any public policy concerns behind Section 3(g.1) and Section 33.202, we disagree.

The purpose of Section 3(g.1) and Section 33.202, when read together with other provisions of the Dental Law, appears to be to prevent fraud, confusion, deception, and to help the public and the Board know whether a provider associated with a given fictitious name is properly licensed. Section 10(b) of the Dental Law provides in relevant part that:

> (b) It is unlawful for any person to practice dentistry ... under a name *other than that on his or her license* and biennial renewal, or to practice under the name on his or her license and biennial renewal *with any addition thereto,* except a purely technical appellation such as "Dentist," "D.D.S.," "Orthodontist" or other word or letters pertaining strictly to the practice of dentistry.

63 P.S. § 129(b) (emphasis added). Thus, the legislature has indicated that a dentist, generally, is not to practice under any name but the one on his license. In addition, the Legislature has forbidden dentists from making false representations or engaging in deceptive advertising. Section 4.1(a)(2), (10) of the Dental Law, 63 P.S. § 123.1(a)(2), (10). When Section 3(g.1) is read in pari materia with these other provisions of the Dental Law, they indicate a policy decision by the General Assembly that the Board is to receive and record the fictitious names under which dentists might practice in order to keep track of which licensee is practicing under which fictitious name and to guard against fraud, deception, and public confusion.

Section 311 of the Act, 54 Pa.C.S. § 311, provides that fictitious names *may* be registered with the Department of State. Thus, the most important difference between Section 33.202 and the Act is that registration under the Act is optional. While registration may confer certain benefits and protections on a fictitious name registered by an entity, it does not replace the protections to the public conferred by registration under Section 33.202.

1. Act of May 1, 1933, P.L. 216, *as amended,* 63 P.S. §§ 120–130k.

2. The Business Corporation Law of 1988 is Subpart B of the Associations Code, which is Title 15 of the Pennsylvania Consolidated Statutes. 15 Pa.C.S. § 2903(b) allows "licensed persons to render professional services by means of a professional corporation in all cases."

"**Proper name.**" When used with respect to an association of a type listed in the following paragraphs, *the term means the name set forth in:*

    (1) *the articles of incorporation,* for a corporation;

*     *     *

54 Pa.C.S. § 302 (emphasis added).[3] "American Dental Solutions, P.C." is the "name set forth in the articles of incorporation" for the corporation and, as such, is its "proper name." It is not a "fictitious name."

The next statute relied upon by the Board is the Dental Law. Section 3(g.1) addresses fictitious names and states as follows:

The State Board of Dentistry (hereinafter called the board) shall have the following powers and duties:

*     *     *

(g.1) *To receive and record all filings of the names and fictitious names of* providers of dental services but shall not make determinations or judgments as to the appropriateness of such names.

63 P.S. § 122(g.1) (emphasis added).[4] The Board's regulation implementing Section 3(g.1) is found at Section 33.202 of Title 49 of the Pennsylvania Code[5] and is entitled

---

**3.** The definition of "proper name" establishes that the organizational document of the entity establishes the entity's "proper name." In its entirety, the definition states:

    "**Proper name.**" When used with respect to an association of a type listed in the following paragraphs, the term means the name set forth in:

        (1) the articles of incorporation, for a corporation;

        (2) the statement of registration, for a limited liability partnership;

        (3) the certificate of limited partnership, for a limited partnership;

        (4) the statement of election, for an electing partnership;

        (5) the certificate of organization, for a limited liability company;

        (6) the articles of association, for a professional association;

        (7) the deed of trust or other trust instrument, if any, that has been filed in the Department of State for a business trust; or

        (8) a publicly filed document in another jurisdiction which is of a type listed in paragraphs (1) through (7).

    54 Pa.C.S. § 302.

**4.** Section 3(g.1) was added by the Act of July 11, 1996, P.L. 657, No. 113. Section 4 of the Act of July 11, 1996, P.L. 657, No. 113, provides that subsection (g.1) of Section 3 had a retroactive effective date of January 1, 1990.

**5.** It provides in full:

    (a) Dentists may use a fictitious name that is not false, misleading or deceptive.

    (b) *Dentists who wish to practice under a fictitious name shall submit to the Board a fictitious name registration and the fee specified in § 33.3 (relating to fees).* The dentist who submits the registration shall be associated with the facility and shall assume responsibility for compliance with this section. The owner of the facility, if different from the applicant, shall be identified on the registration.

    (c) *Changes in the ownership of a dental facility,* changes in the designation of the responsible dentist, *changes in the scope of practice or changes in professional staffing, shall be reported in writing within 10 days.*

    (d) Advertisements in any medium shall include the name, as it appears on the current biennial renewal certificate, and the degree—D.D.S. or D.M.D.—of at least one licensed dentist who is associated with the dental facility. The lettering for the name of the dentist shall be at least equal in size to the lettering used for the fictitious name. The dentist referred to in this subsection and the dentist who registered to use the name under subsection (b) shall be jointly responsible for the advertisement.

    (e) A directory listing the names of the dentists practicing at that location shall be prominently displayed in the entrance or reception area of the dental facility.

    (f) The names of dentists who have practiced under the fictitious name shall be maintained in the records of the dental facility for at least 5 years following their departure from the practice.

"Fictitious names." Dr. Goldberg was found to have violated one provision, 49 Pa.Code § 33.202(b), *i.e.*, failure to obtain a fictitious name permit for "American Dental Solutions."

The final statute relied upon by the Board is the Business Corporation Law of 1988, which authorizes dentists to form professional corporations. The Board acknowledged this right as well as the right of a dentist to use the name of his professional corporation.

The Board's holding that a dentist who sets up a professional corporation needs a fictitious name permit for that professional corporation simply cannot be squared with the Fictitious Names Act and the Business Corporation Law of 1988. The Board acknowledged the applicability of both these statutes but then ignored their terms. This was error. "Every statute shall be construed, if possible, to give effect to all

its provisions." 1 Pa.C.S. § 1921(a). Moreover, we are to presume "[t]hat the General Assembly intends the entire statute to be effective and certain." 1 Pa.C.S. § 1922(2). Statutes *in pari materia* are to be read together to give effect to all statutory provisions. 1 Pa.C.S. § 1932. Rather than read the three relevant statutes together to give effect to all their provisions, the Board disregarded them when they did not support the conclusion it wished to reach.

Dr. Goldberg wears two hats: as an individual dentist and a representative of a corporation. When Dr. Goldberg provides dental services to patients, he does so as an individual professional in accordance with his license. Dr. Goldberg's patients know his identity because his license is hanging on the wall, or should be.[6] Likewise, the identity of American Dental Solutions is not a secret but a matter of public

(g) The use of the name of a dentist no longer actively associated with the practice may be continued for up to 1 year.

(h) Dentists who are specialists under § 33.203(d)(1) (relating to advertising) may incorporate their area of specialization in their fictitious name. A specialist in one area may include another recognized specialty area, or a nonspecialty area, in a fictitious name (examples: a specialist in orthodontics using Central Orthodontics and Pediatric Dentistry or a specialist in periodontics using Central Periodontics and Cosmetic Dentistry) only if the specialist conspicuously discloses, in every medium in which the name is used, that specialty status does not extend to the other specialty or nonspecialty area.

(i) Dentists who are not specialists under § 33.203(d)(1) may incorporate any area of dentistry in their fictitious name, including the recognized specialties, only if the name, in every medium in which it is used, is accompanied by the conspicuous disclosure that services are provided by a general dentist.

(j) A fictitious name may not include the word "clinic" unless the name designates

a public or quasipublic facility as defined in § 33.1 (relating to definitions).

(k) A fictitious name may not include the word "institute" unless the name designates an educational or research facility.

(*l* ) A fictitious name may not, by the use of plurals or otherwise, misrepresent the number of dentists practicing at a facility or the number of dentists at the facility who are specialists under § 33.203(d)(1).

49 Pa.Code § 33.202 (emphasis added). The regulation requires information about a "dental facility" and a "dental practice" that goes beyond identifying the name of that practice group, such as the mandate to report changes in ownership, staffing and scope of dental practice. 49 Pa.Code § 33.202(c).

6. The Dental Law requires that only a natural person can practice dentistry and that his license must be "displayed in the office in which he or she is practicing dentistry...." Section 10 of the Dental Law, 63 P.S. § 129(d). The Board did not claim that Dr. Goldberg failed to display his license or that he held himself out as someone other than "Dr. Goldberg" when attending to patient needs.

record. Its corporate charter is on file with the Department of State.

Dr. Goldberg and American Dental Solutions are two separate and distinct legal persons. As the courts have explained:

> A corporation is a separate, fictional legal person distinct from its shareholders or employees. When a corporation enters into a contract, it does so only on behalf of its separate, fictional capacity, unless the contract or circumstances explicitly state otherwise.

*Tayar v. Camelback Ski Corporation, Inc.*, 957 A.2d 281, 289–90 (Pa.Super.2008) (citation omitted). When Dr. Goldberg uses the name "American Dental Solutions" it is as a representative of the corporation. He is not using a fictitious name because American Dental Solutions is the "proper name" of the corporation. When Dr. Goldberg signs a contract to which American Dental Solutions is a party, the contract binds the corporation, not himself. *See Viso v. Werner*, 471 Pa. 42, 369 A.2d 1185 (1977) (presumption is that where sole stockholder signs contract on behalf of corporation it binds the corporation, not the individual stockholder).

Finally, Pennsylvania forbids name duplication, *i.e.*, the use of one name by two persons. Under the Fictitious Names Act, a person cannot adopt as its fictitious name "[t]he name of any domestic corporation, or any foreign corporation authorized to do business in this Commonwealth...." 54 Pa.C.S. § 311(e)(1). By requiring Dr. Goldberg to permit "American Dental Solutions" as his fictitious name, the Board places him in direct violation of the non-duplication provision of the Fictitious Names Act. The obverse is also true. A corporation cannot choose a fictitious name that has been registered with the Pennsylvania Department of State to be the corporation's proper name.[7]

The name "American Dental Solutions" belongs to the professional corporation of that same name, and it owns the exclusive right to use that proper name. This is well established. In *Consolidated Home Specialties Co. v. Plotkin*, our Supreme Court explained:

> The general rule is that a corporation has a right to its name and another will be restrained from its use.

> The right of the corporation to the exclusive use of its own name exists at common law, and includes the right to prohibit another from using a name so similar to the corporate name as to be calculated to deceive the public.

358 Pa. 14, 19, 55 A.2d 404, 406 (1947) (citation omitted). Stated otherwise, Dr. Goldberg cannot use "American Dental Solutions" as his name.

The purpose of fictitious name filings is to protect those who deal with persons carrying on a business under an assumed name. *George Stash & Sons v. New Holland Credit Co., LLC*, 905 A.2d 541, 543 (Pa.Super.2006). The Fictitious Names Act is simply irrelevant here because neither Dr. Goldberg nor American Dental Solutions is using an assumed name. They are using their proper names.

In sum, the Board lacked the power to require Dr. Goldberg to obtain a fictitious name permit for American Dental Solutions, P.C. Such a requirement violates the

---

**7.** The Business Corporation Law of 1988 provides that a corporate name

> shall be distinguishable upon the records of the department from ... [a] name the exclusive right to which is at the time reserved by any other person whatsoever in the manner provided by statute. A name shall be rendered unavailable for corporate use by reason of the filing in the Department of State of any assumed or fictitious name....

15 Pa.C.S. § 1303(b)(2).

substantive law that no person or entity can adopt the proper name of another person as his fictitious name.

As an aside, there are other problems with the Board's adjudication. Simply, it lacked authority under the Dental Law to do what it did.

First, Section 3(g.1) of the Dental Law authorizes the Board to "receive and record ... the names and fictitious names of providers of dental services." 63 P.S. § 122(g.1). However, Section 3(g.1) does not *require* dentists to file them. The Board has effectively changed the Board's passive authority to "receive" into authority to "require the filing of fictitious names by dentists." We are bound by the words used by the legislature and "may not insert a word the legislature failed to supply into a statute." *Shapiro v. State Board of Accountancy*, 856 A.2d 864, 877 (Pa. Cmwlth.2004).

Notably, the Fictitious Names Act does not require a professional to register his assumed or "fictitious" name. The Fictitious Names Act requires all who do "business in this Commonwealth under or through any fictitious name [to] register the fictitious name" with the Department of State, but it specifically exempts "pro-fessional activities" from that mandate. 54 Pa.C.S. § 303(b)(2)(i). Nevertheless, a professional "*may elect* to register a fictitious name." 54 Pa.C.S. § 303(a) (emphasis added). Registration has advantages. By registering "Teeth 'R' Us," for example, a dentist will enjoy exclusive use of that fictitious name. *See* 15 Pa.C.S. § 1303(b)(2).

Second, Section 3(g.1) authorizes the Board, at most, to establish a registry of the real and fictitious names of dentists, not to undertake a 12–point program to supervise group dental practices.[8] Where the legislature intends to authorize such an agency program, it says so in clear and unmistakable terms. For example, the Architects Licensure Law [9] establishes the legal form an architectural practice may take and sets voting and ownership requirements.[10] Likewise, the CPA Law [11] regulates and licenses public accounting firms. Section 8.8h of the CPA Law [12] requires the licensed firm to keep the CPA licensing board apprised of the name, address and license number of every certified public accountant in the firm. 63 P.S. § 9.8h(b)(1). The Legislature has not conferred comparable authority on the Board

---

**8.** At most, Section 3(g.1) of the Dental Law authorizes the establishment of a specialized registry of names, *i.e.*, the names and fictitious names of dentists. This is similar to the fictitious name registry maintained by the Department of State which sets forth the universe of fictitious names used in Pennsylvania. *See* 54 Pa.C.S. § 501 (establishing a registry of corporate and other association names). The Board may not expand its statutory authority to maintain a specialized registry into something else, *i.e.*, reports on affiliations. We may not pursue the spirit of the law in derogation of the words of the law. 1 Pa.C.S. § 1921(b).

**9.** Act of December 14, 1982, P.L. 1227, *as amended*, 63 P.S. §§ 34.1–34.22.

**10.** For example, a group of architects may form a partnership so long as two-thirds of the partners are licensed by any state to practice architecture or engineering. Section 13(b)(1) and (2) of the Architects Licensure Law, 63 P.S. § 34.13(b)(1) and (2). The architects may form a professional corporation so long as two-thirds of the voting stock is owned by licensed architects, engineers or landscape architects. Section 13(e)(3) and (4) of the Architects Licensure Law, 63 P.S. § 34.13(e)(3) and (4).

**11.** Act of May 26, 1947, P.L. 318, *as amended*, 63 P.S. §§ 9.1–9.16b.

**12.** Added by the Act of December 4, 1996, P.L. 851.

to regulate dental practice groups.[13]

Third, the Legislature has not authorized the Board to collect the "proper names" of professional corporations. Even the hearing examiner was troubled by the absence of any reference to professional corporations in Section 3(g.1) of the Dental Law. Our Supreme Court has established that the supervisory power of any agency is limited. In *Aetna Casualty and Surety Co. v. Commonwealth Insurance Department*, 536 Pa. 105, 638 A.2d 194 (1994), the Supreme Court explained:

> The Insurance Department's supervisory authority over the insurance industry is not without limitation, however. "An administrative agency can only exercise those powers which have been conferred upon it by the Legislature in clear and unmistakable language."

*Id.* at 118, 638 A.2d at 200 (quoting *Human Relations Commission v. Transit Casualty Insurance Co.*, 478 Pa. 430, 438, 387 A.2d 58, 62 (1978)). Here, the Legislature has not authorized the Board to collect the proper names of professional dental corporations, let alone given it the power to supervise dental practice groups, whether organized as corporations or otherwise.[14]

Dr. Goldberg was not adverse to reporting his affiliation with, and ownership of, American Dental Solutions or to paying the $35 fee. However, there was no reason for him to know that the Board wanted this disclosure under its so-called "Fictitious names" regulation. Dr. Goldberg was misled and objects to paying a civil penalty.[15]

What the Board really wants is for every dentist to identify the practice group with which the dentist is affiliated, either by ownership or by employment.[16] By asking dentists to report their "fictitious names," the Board has obscured its real intention. What the Board needs is a regulation that expressly states that dentists must report their practice affiliations, whether the practice is organized as a proprietorship, a partnership or a professional corporation. If the Board lacks the authority to adopt such a regulation, then it needs a legislative fix.

**13.** The Board's multi-part regulation of dental practices rests solely on the authority to receive fictitious name filings. To be valid, a regulation may not exceed the agency's granted power. *Physicians Insurance Company v. Callahan*, 167 Pa.Cmwlth. 485, 648 A.2d 608, 616–17 (1994) (quoting *Chambers Development Co., Inc. v. Department of Environmental Resources*, 118 Pa.Cmwlth. 97, 545 A.2d 404, 407–408 (1988)) (a legislative type regulation must fall "within the [agency's] granted power" in order to be valid). The Board's regulation exceeds its granted power in many ways. Most notably, the regulation makes determinations about the "appropriateness" of fictitious names, notwithstanding the fact that Section 3(g.1) of the Dental Law proscribes such judgments. *Cf.* Section 3(g.1) of the Dental Law and 49 Pa.Code § 33.202(j).

**14.** An example of the practice supervisory power assumed by the Board is its requirement that any changes in ownership of a group practice be reported to the Board. 49 Pa.Code § 33.202(c). Ownership of a dental practice has nothing to do with the use of fictitious names.

**15.** The stain of a civil penalty, even a moderate fine of $1,000, will follow him for the rest of his professional life. It is not simply a matter of professional pride. The civil penalty will have to be disclosed when he applies for malpractice insurance, a license renewal or a new license. Indeed, Dr. Goldberg could have lost his Pennsylvania license.

**16.** *Cf.* Section 1404 of the Insurance Company Law of 1921, Act of May 17, 1921, PL. 682, added by the Act of December 18, 1992, P.L. 1519, *as amended*, 40 P.S. § 991.1404 (requiring every insurer authorized to do business in Pennsylvania to file an annual registration statement showing ownership of the insurer and its affiliation with other insurers).

For these reasons, I would reverse the Board's adjudication.