# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Emily Jacqueline Arowosaye, R.N.,          :
                                Petitioner :
                                           :
              v.                           : No. 1410 C.D. 2016
                                           : Submitted: February 24, 2017
Bureau of Professional and                 :
Occupational Affairs, State                :
Board of Nursing,                          :
                               Respondent  :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                         FILED: March 28, 2017


Emily Jacqueline Arowosaye, R.N. (Arowosaye) petitions for review from an order of the Department of State, State Board of Nursing (Board) revoking her license to practice professional nursing in the Commonwealth of Pennsylvania due to her guilty plea to Medicaid fraud in the State of New Jersey. For the reasons that follow, we affirm with the exception of the portion of the order conditioning reinstatement of Arowosaye's license upon full payment of her New Jersey restitution.

Arowosaye served as the Director of Nursing for Be Kind Health Care Services, Inc. (Be Kind), a corporation owned and operated by her husband.

Between July 2005 and April 2008, Be Kind employed approximately 62 employees including five nurses and ten home health aides. As Director of Nursing, one of Arowosaye's responsibilities was to ensure that employees of Be Kind actually provided patients with the services for which the corporation billed Medicare/Medicaid.

In March 2010, Arowosaye's husband was charged with Medicaid fraud in New Jersey. Arowosaye was later charged as well, and on or about August 4, 2010, she entered a guilty plea to one count of Medicaid Fraud-Third Degree in violation of N.J.S.A. 30:4D-17(b).[1] Arowosaye was sentenced to three

---

[1] Section 17(b), pertaining to criminal and civil penalties, of the New Jersey Medical Assistance and Health Services Act, provides:

> (b) Any provider, or any person, firm, partnership, corporation, or entity, who:
>
> (1) Knowingly and willfully makes or causes to be made any false statement or representation of a material fact in any cost study, claim form, or any document necessary to apply for or receive any benefit or payment under P.L. 1968, c. 413; or
>
> (2) At any time knowingly and willfully makes or causes to be made any false statement, written or oral, of a material fact for use in determining rights to such benefit or payment under P.L. 1968, c. 413; or
>
> (3) Conceals or fails to disclose the occurrence of an event which
>
> (i) affects a person's initial or continued right to any such benefit or payment, or
>
> (ii) affects the initial or continued right to any such benefit or payment of any provider or any person, firm, partnership, corporation, or other entity in whose behalf a person

**(Footnote continued on next page…)**

years' probation and was ordered to pay $800,000 in restitution on a joint and several liability basis with payments ranging from $100 to $600 per month.

On May 9, 2011, the New Jersey Board of Nursing (New Jersey Board) issued a Final Order of Discipline suspending Arowosaye's license to practice in New Jersey as a registered nurse for 18 months, followed by a period of six months of probation. She was also ordered to take an ethics course. Arowosaye successfully completed the terms of her New Jersey licensure probation and on July 8, 2013, the New Jersey Board reinstated her license but permanently precluded her from all aspects of billing, from educating, teaching or training others about billing, and from supervising others involved in billing.

---

**(continued…)**

> has applied for or is receiving such benefit or payment with an intent to fraudulently secure benefits or payments not authorized under P.L. 1968, c. 413 or in a greater amount than that which is authorized under P.L. 1968, c. 413; or
>
> (4) Knowingly and willingly converts benefits or payments or any part thereof received for the use and benefit of any provider or any person, firm, partnership, corporation, or other entity to a use other than the use and benefit of such provider or such person, firm, partnership, corporation or entity; is guilty of a crime of the third degree, provided, however, that the presumption of nonimprisonment set forth in subsection e. of N.J.S.2C:44-1 for persons who have not previously been convicted of an offense shall not apply to a person who is convicted under the provisions of this subsection.

The accusation alleges that Arowosaye "did submit or cause to be submitted to Medicaid claims for personal care assistance services allegedly provided to Medicaid beneficiaries when in fact the personal care assistance services were not provided. . . ." (Reproduced Record (R.R.) at 129a-130a.)

3

On April 15, 2014, the Commonwealth, through its prosecuting attorney, issued a two-count Order to Show Cause (OTSC) alleging Arowosaye was subject to disciplinary action under the Professional Nursing Law (Nursing Law)[2] and the Criminal History Record Information Act (CHRIA)[3] due to her New Jersey conviction. Specifically, count one of the OTSC charged Arowosaye with pleading guilty to Medicaid fraud, a crime of moral turpitude subjecting her to discipline under Section 14(a)(5) of the Nursing Law.[4] Count two charged that Arowosaye's conviction for Medicaid fraud was a felony subjecting her to discipline under Section 9124(c)(1) of the CHRIA.[5] On May 8, 2014, Arowosaye

---

[2] Act of May 22, 1951, P.L. 317, *as amended*, 63 P.S. §§ 211-225.5.

[3] 18 Pa.C.S. §§ 9101-9183.

[4] 63 P.S. § 224(a)(5). That section provides as follows:

> (a) The Board may refuse, suspend or revoke any license in any case where the Board shall find that--
>
> * * *
>
> (5) The licensee has been convicted, or has pleaded guilty, or entered a plea of nolo contendere, or has been found guilty by a judge or jury, of a felony or a crime of moral turpitude, or has received probation without verdict, disposition in lieu of trial or an Accelerated Rehabilitative Disposition in the disposition of felony charges, in the courts of this Commonwealth, the United States or any other state, territory, possession or country.

*Id.*

[5] 18 Pa.C.S. § 9124(c)(1). Section 9124(c) provides:

> **(c) State action authorized.**--Boards, commissions or departments of the Commonwealth authorized to license, certify, register or permit the practice of trades, occupations or professions may

**(Footnote continued on next page…)**

filed an answer to the OTSC. After four continuances requested by Arowosaye, a hearing was ultimately conducted on March 16, 2015. Arowosaye and her husband both testified, and the Commonwealth provided documentary evidence pertaining to Arowosaye's New Jersey conviction, including her accusation, signed guilty plea form and judgment of conviction.

The hearing examiner issued a proposed report finding that Arowosaye's New Jersey conviction for Medicaid fraud constitutes a crime of moral turpitude and she is subject to disciplinary action under both the Nursing Law and the CHRIA as alleged in the OTSC. The hearing examiner recommended Arowosaye's license to practice as a registered nurse in the Commonwealth be suspended for a period of two years, the initial 12 months of which would be served as an active suspension followed by a one-year period of probation. Attached to the hearing examiner's proposed report was a notice explaining the parties' rights and stating, in pertinent part:

---

**(continued…)**

> refuse to grant or renew, or may suspend or revoke any license, certificate, registration or permit for the following causes:
>
> > (1) Where the applicant has been convicted of a felony.
> >
> > (2) Where the applicant has been convicted of a misdemeanor which relates to the trade, occupation or profession for which the license, certificate, registration or permit is sought.

18 Pa.C.S. § 9124(c). The Commonwealth later amended count two of the OTSC to a violation of Section 9124(c)(2) of the CHRIA, asserting the Medicaid fraud charge Arowosaye pleaded guilty to in New Jersey was a misdemeanor related to the nursing profession.

Any participant who wishes to appeal all or part of the Hearing Examiner's proposed report to the Board must file exceptions in the form of a *Brief on Exceptions* with the Prothonotary of the Department of State within 30 days after the date of mailing shown on this proposed report in accordance with the General Rules of Administrative Practice and Procedure at 1 Pa. Code §§ 35.211-214.

* * *

Failure to file a *Brief on Exceptions* within the time allowed under the General Rules of Administrative Practice and Procedure at 1 Pa. Code §§ 35.211-214 shall constitute a waiver of all objections to the proposed report.

(Hearing Examiner's Proposed Report at 31.) (Emphasis in original). The Board then issued a notice of intent to review the proposed report and informed Arowosaye that if she wished to submit further argument regarding the proposed sanction, she must do so in a brief on exceptions filed in accordance with the General Rules of Administrative Practice and Procedure. Arowosaye did not file a brief on exceptions.

The Board then issued a final adjudication and order (FAO) adopting the majority[6] of the hearing examiner's proposed report. However, after reviewing the entire record, including Arowosaye's mitigating evidence, the Board found the recommended sanctions were too lenient given the severity of the criminal

---

[6] The Board adopted all of the hearing examiner's findings of fact except numbers 19-21, 24 and 32, and all of the hearing examiner's conclusions of law except numbers 3, 8 and 9. The Board adopted as its own and incorporated by reference the hearing examiner's discussion regarding violations.

conviction and, instead, revoked[7] Arowosaye's license to practice professional nursing. In addition, the Board ordered that any petition for reinstatement following the five-year revocation period must provide that, in addition to meeting all administrative requirements for licensure, Arowosaye's $800,000 in restitution for her New Jersey conviction has been paid in full. This appeal followed.[8]

Arowosaye argues that the Board's finding that she violated Section 14(a)(5) of the Nursing Law and Section 9124(c)(1) of the CHRIA by causing claims for services to be submitted to Medicaid that were not actually provided is not supported by substantial evidence. Arowosaye also claims her Medicaid fraud charge is not a crime of moral turpitude and the Commonwealth failed to prove it was a misdemeanor related to the nursing profession. In addition, she argues that pursuant to *Nguyen v. Bureau of Professional and Occupational Affairs*, 53 A.3d 100 (Pa. Cmwlth. 2012), she was permitted to set forth in the record her role in the underlying criminal case, and the hearing examiner erred in interpreting this as a collateral attack on her conviction. She further argues that the Commonwealth's prosecution is barred by the doctrine of laches.

---

[7] Pursuant to Section 15.2 of the Nursing Law, an individual whose license has been revoked by the Board may reapply for a license after five years. 63 P.S. § 225.2, added by the Act of December 20, 1985, P.L. 409.

[8] Our review is limited to determining whether there has been an error of law, whether constitutional rights were violated, and whether findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Bethea-Tumani v. Bureau of Professional and Occupational Affairs*, 993 A.2d 921, 925 n.6 (Pa. Cmwlth. 2010).

As the Board correctly points out, Arowosaye failed to file a brief on exceptions to the Board. Pursuant to the General Rules of Administrative Practice and Procedure, a party desiring to appeal a proposed report to the agency shall file a brief on exceptions within 30 days after service of a copy of a proposed report. 1 Pa. Code § 35.211. "Failure to file a brief on exceptions . . . shall constitute a waiver of all objections to the proposed report." 1 Pa. Code § 35.213. Arowosaye was informed of these rules and her ability to file a brief on exceptions in both the notice accompanying the hearing examiner's proposed report as well as the Board's subsequent notice. Because Arowosaye failed to raise these arguments in a brief on exceptions, they have been waived.[9] *Id.*; *Mostatab v. State Board of Dentistry*, 881 A.2d 1271, 1273 (Pa. Cmwlth. 2005) (citing *Metro Transportation Company v. Pennsylvania Public Utility Commission*, 525 A.2d 24 (Pa. Cmwlth. 1987)); *see also Dang v. Department of State*, (Pa. Cmwlth., No. 371 C.D. 2010, filed October 14, 2010).[10]

The only issue not waived by Arowosaye is her claim that the Board abused its discretion by imposing a penalty in excess of that proposed by the hearing examiner. Section 14(a)(5) of the Law, 63 P.S. § 224(a)(5), authorizes the Board to impose sanctions – up to and including revocation of an individual's

---

[9] We note that our Supreme Court addressed the issue of waiver in the recent decision *Board of Supervisors of Willistown Township v. Main Line Gardens, Inc.*, (Pa., Nos. 59-61 MAP 2016, filed February 22, 2017). This consolidated case is inapplicable as it pertains specifically to Pa.R.C.P. No. 227.1(b) rather than the General Rules of Administrative Practice and Procedure. Moreover, Pa.R.C.P. 227.1(b) only requires that parties file post-trial motions in order to preserve issues for appeal, whereas 1 Pa. Code § 35.213 requires a party file a brief on exceptions to avoid waiver.

[10] Pursuant to the Court's Internal Operating Procedures § 414, this unreported opinion is cited for its persuasive value only and not as binding precedent.

8

nursing license – for violating its provisions. *See also* 18 Pa.C.S. § 9124(c)(1). The hearing examiner's proposed sanction did not restrict the Board's discretion in imposing a more severe sanction that is authorized under the Law. *See Telang v. State Board of Medicine*, 751 A.2d 1147 (Pa. 2000). Moreover, we may not reweigh the evidence or substitute our judgment for that of the Board. *See Bethea-Tumani v. Bureau of Professional and Occupational Affairs*, 993 A.2d 921, 932 (Pa. Cmwlth. 2010). In not accepting the hearing examiner's recommendation of a license suspension, the Board noted the severity of the offense to which Arowosaye voluntarily pleaded guilty, the significant amount of funds involved, and the fact that "[t]he Medicare/Medicaid system as well as all insurance systems depend upon honest billing by practitioners providing care. Without it, the systems would crumble resulting in a loss of care to patients." (Board's FAO at 7.) Because the Board acted within its statutory authority in revoking her license and there is nothing in the record indicating that this sanction was motivated by anything other than the Board's sound discretion, Arowosaye failed to prove the Board abused its discretion.

However, Arowosaye also argues that the Board abused its discretion in conditioning her license reinstatement upon full payment of the $800,000 in restitution she was ordered to pay as part of her New Jersey criminal sentence. Given that she was only ordered to pay up to $600 per month, she argues that such a condition, in essence, makes her revocation a lifetime ban which is a manifest and flagrant abuse of discretion.

The Nursing Law permits the Board to refuse, suspend or revoke a license where the licensee, as is the case here, has pleaded guilty to a crime of

moral turpitude. 63 P.S. § 224(a)(5). With respect to the reinstatement of a license, the Nursing Law provides that "[a]ny person whose license has been revoked may reapply for a license, after a period of at least five (5) years, but must meet all of the licensing qualifications of this act for the license applied for, to include the examination requirement, if he or she desires to practice at any time after such revocation." 63 P.S. § 225.2. There is nothing in that provision or elsewhere in the Nursing Law that gives the Board the authority to preclude a person from seeking reinstatement of his or her Nursing License five years after the license has been revoked. In this case, because the Board erred in conditioning her ability to seek reinstatement of her nursing license upon payment of restitution ordered in a criminal case, that portion of the Board's order is stricken. *See Slawek v. State Board of Medical Education and Licensure*, 586 A.2d 362, 365 (Pa. 1991) (holding proper review of an agency's action is whether it was made in accordance with law) (citing *Blumenschein v. Pittsburgh Housing Authority*, 109 A.2d 331, 334-35 (Pa. 1954)).

Accordingly, the Board's order is affirmed with the exception of the portion of the order conditioning reinstatement of Arowosaye's license upon payment in full of her New Jersey restitution.

_____
DAN PELLEGRINI, Senior Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Emily Jacqueline Arowosaye, R.N., :
       Petitioner :
          :
    v. : No. 1410 C.D. 2016
          :
Bureau of Professional and :
Occupational Affairs, State :
Board of Nursing, :
       Respondent :

# **O R D E R**

AND NOW, this 28th day of March, 2017, the order of the Department of State, State Board of Nursing, dated August 4, 2016 at No. 0594-51-14, is affirmed with the exception that the portion of the order stating that Petitioner Emily Jacqueline Arowosaye's petition for reinstatement must provide that her New Jersey restitution has been paid in full is hereby stricken.

_____
DAN PELLEGRINI, Senior Judge